1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TONY RICHARD LOW,

11              Plaintiff,                  No. CIV S-05-2211 MCE DAD P

12        vs.

13   GARY R. STANTON, et al.,               ORDER AND

14              Defendants.                 FINDINGS & RECOMMENDATIONS

15   _____/

16              Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.[1]  In a broad-ranging, forty-seven page complaint plaintiff claims that while

18   detained at the Solano County Jail in 2005, pending resolution of criminal charges brought

19   against him in state court, the named defendants violated his rights under the U.S. Constitution,

20

21        [1]  As defendants have noted in their motions, plaintiff has requested that this action be
     certified as a class action.  This request was presented in plaintiff's lengthy complaint as one of
22   his many requests for relief.  (Compl. at 46.)  Plaintiff, however, is a non-lawyer proceeding
     without counsel.  It is well-established that a layperson cannot ordinarily represent the interests of
23   a class.  See McShane v. United States, 366 F.2d 286 (9th Cir. 1966).  This rule becomes almost
     absolute when, as here, the putative class representative is incarcerated and proceeding pro se.
24   Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975).  Plaintiff cannot "fairly and
     adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of
25   Civil Procedure.  See Martin v. Middendorf, 420 F. Supp. 779 (D.D.C. 1976).  This action,
     therefore, shall proceed as an individual civil suit brought by plaintiff, and his request for class
26   certification will be denied.

                                                   1

1     the Religious Freedom Restoration Act (RFRA)[2], and state law.  Plaintiff names nineteen

2     defendants, including Sheriff Stanton, correctional officers, medical staff, the jail librarian and

3     the jail Chaplin.  Before the court is a motion to dismiss for failure to state a claim brought on

4     behalf of defendants Von Ting, Childres, and Headley.  Also before the court is a concurrently

5     filed motion to dismiss for failure to state a claim brought by defendant Stanton, the defendants'

6     requests for judicial notice, and plaintiff's request for entry of default judgment.

7     I.  Legal Standard for Motion to Dismiss

8            A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil

9     Procedure tests the sufficiency of the complaint.  North Star Int'l v. Arizona Corp. Comm'n, 720

10     F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be based

11     on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

12     cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

13     See also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).  To state a

14     claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to

15     relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S.

16     Ct. 1955, 1974 (2007).

17            In determining whether a pleading states a claim, the court accepts as true all

18     material allegations in the complaint and construes those allegations, as well as the reasonable

19     inferences that can be drawn from them, in the light most favorable to the plaintiff.  Hishon v.

20     King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S.

21     738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  In the context of a

22     motion to dismiss, the court also resolves doubts in the plaintiff's favor.  Jenkins v. McKeithen,

23     395 U.S. 411, 421 (1969).  However, the court need not accept as true conclusory allegations,

24     /////

25

26            [2]  On July 26, 2007, defendant Chaplin Jackson filed a motion for summary judgment seeking dismissal of several claims, including the RFRA claim.

1   unreasonable inferences, or unwarranted deductions of fact.  W. Mining Council v. Watt, 643

2   F.2d 618, 624 (9th Cir. 1981).

3            In general, pro se pleadings are held to a less stringent standard than those drafted

4   by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The court has an obligation to construe

5   such pleadings liberally.  Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).

6   However, the court's liberal interpretation of a pro se complaint may not supply essential

7   elements of the claim that were not pled.  Ivey v. Bd. of Regents of Univ. of Alaska, 673 F.2d

8   266, 268 (9th Cir. 1982).  See also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992).

9   II.  Motion to Dismiss Brought By Defendants Von Ting, Childres and Headley

10           A.  Arguments of the Parties

11           Defendants note that in one of his claims plaintiff seeks to challenge the inmate

12  grievance system and procedures related thereto employed at the Solano County Jail.  Defendants

13  argue that this claim should be dismissed without leave to amend because there is "no federal due

14  process right to a properly functioning inmate grievance system for inmates[.]"  (Defs.' Mot. to

15  Dismiss, Mem. P. & A. (Defs.' P&A) at 2.)

16           In moving to dismiss this claim defendants refer specifically to the following

17  paragraphs of plaintiff's complaint wherein he challenges the manner in which his inmate

18  grievances were processed and the denial of his grievances:

19           59.  Pursuant to county jail procedure, the plaintiff filed
             administrative grievances with defendants Sgt. Childres and Von
20           Ting pointing out there was no evidence supporting the charge of
             possessing a weapon[] and that the finding did not explain the
21           reasons for the finding of guilt.

22                                    ***

23           60.  Defendants Childres and Von Ting denied plaintiff's
             grievance.
24
                                      ***
25
             91.  The County Jail has only a[n] ineffective grievance system and
26           defendants Stanton and Headley do not follow their own rules of

                                        3

grievance review which requires a watch supervisor to review 1st level and facility commander at the second level.  The defendants allow low ranking defendants to answer grievances which results in ineffective responces [sic].

\* \* \*

171.  The actions of defendant Stanton and Headley of allowing subordinate low-ranking agents to answer plaintiff's grievances in controvention [sic] of written rules of review constitutes deliberate indifference and further denied the plaintiff the due process of law in violation of the Fourteenth Amendment to the United States Constitution.

(Compl. at 12-13, 18, 35-36.)

In moving to dismiss plaintiff's claim with respect to the treatment of his inmate grievances, defendants also refer to the following specific paragraphs of plaintiff's complaint in which plaintiff alleges deficiencies with respect to the jail's inmate disciplinary appeal process and the defendants' failure to overturn his disciplinary convictions:

79.  Pursuant to the county jail procedure, the plaintiff filed an administrative appeal with defendants Childres SHC56, Von Ting SHC 253, and Sgt. Campbell pointing out there was no evidence supporting the finding of guilt and that the use of food was a violation of my rights when it is used or withheld as punishment and also the unusual length of ten days violated my rights.  The diso diet is a small food loaf.

\* \* \*

80.  Plaintiffs [sic] appeals were denied.

\* \* \*

156.  The actions of defendants Stanton, Headley, Childres and Von Ting in refusing to overturn the plaintiff's disciplinary conviction, despite their knowledge of the above described due process violations constituted deliberate indifference and furture [sic] denied the plaintiff the due process of law in violation of the Fourteenth Amendment to the United States Constitution.

\* \* \*

162.  The actions of defendants Stanton and Headley in refusing to overturn the punitive disciplinary diet despite their knowledge of the above described due process violation, constituted deliberate indifference and further denied the plaintiff the due process of law

4

1  in violation of the Fourteenth Amendment to the United State[s]
   Constitution.

2  ***

3

4  164.  The actions of defendants Childres and Von Ting in refusing
   to overturn the plaintiffs [sic] putitive [sic] disciplinary diet despite
5  their knowledge of the above described due process violations
   constituted deliberate indifference and further denied the plaintiff
6  due process of law in violation of the Fourteenth Amendment to
   the United States Constitution.

7  (Id. at 15-16, 30, 32-33.)

8  Relying on the decisions in Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003)

9  and Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988), defendants argue that plaintiff has failed

10 to state a cognizable due process claim.  (Defs.' P&A at 2.)  Defendants contend that plaintiff's

11 assertions that they failed to: grant plaintiff's grievances; process his grievances properly;

12 overturn his disciplinary conviction; and to have officers of the proper rank respond to plaintiff's

13 appeals, do not state a claim upon which relief can be granted.

14 Plaintiff opposes the motion to dismiss.  His sole argument in this regard is that

15 defendants have not supported their motion by providing "facts or supporting factual

16 documentation, including but not limited to declarations, true and correct documents, such as

17 incident reports and/or medical reports, nor affidavits signed by any defendants."  (Opp'n at 1.)

18 Plaintiff has misconstrued the requirements for a motion to dismiss.  Defendants may properly

19 rest their motion on the allegations in plaintiff's complaint.[3]

20 B.  Analysis

21 The court finds that to the extent that plaintiff seeks to challenge defendant

22 Headley's alleged lack of compliance with Solano County Jail grievance procedures by having

23 officers not of the proper rank respond to inmate grievances, plaintiff has failed to state a claim.

24

25 [3]  Moreover, according to Rule 12(b)(6), if extrinsic evidence is submitted by the
   defendants, the motion would have to be treated as a motion for summary judgment pursuant to
26 Rule 56.

"[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedures."
Ramirez , 334 F.3d at 860 (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).  See also
Cooper v. Lassen County Sheriff's Dept., No. Civ. S-07-0080 LKK GGH P, 2007 WL 1101458,
at *2 (E.D. Cal. April 12, 2007) ("[J]ail grievance procedures do not create an enforceable
substantive right under 42 U.S.C. § 1983."); Curry v. Jones, No. C 07-1413 MHP (PR), 2007 WL
2288330, at *2 (N.D. Cal. Aug. 7, 2007) ("The denial of an inmate appeal is not so severe a
change in condition as to implicate the Due Process Clause itself and the State of California has
not created a protected interest in an administrative appeal system in its prisons."); Washington
v. Evans, No. C 05-2945 SI (PR), 2005 WL 3481420, at *1 (N.D. Cal. Dec. 20, 2005) (Id.)
Therefore, the pending motion to dismiss should be granted with respect to plaintiff's claim that
defendant Headley failed to properly process inmate grievances and failed to have the grievances
reviewed by an officer of the proper rank.

For the same reason, plaintiff has also failed to state a cognizable claim with
respect to the alleged failure of defendants Childres, Von Ting, and Headley to overturn the
disciplinary sentences imposed against him.  An official's involvement in reviewing an inmate
appeal of disciplinary action, cannot serve as the basis for a § 1983 action.  As has been
observed:

> There is no constitutionally protected right to an appeals process
> and there is no constitutionally protected right to a particular
> outcome.  Even if plaintiff's inmate appeals concerned the due
> process violations that allegedly occurred in conjunction with
> plaintiff's disciplinary hearings, defendants' actions in reviewing
> and issuing decisions on the appeals do not provide a basis upon
> which to impose liability under section 1983.

Dobshinsky v. Pleasant Valley State Prison, No. CV-F-06-1285 OWW DLB P, 2007 WL
685716, at *3 (E.D. Cal. March 5, 2007) (citing Buckley v. Barlow, 997 F.2d 494 (8th Cir.
1993)).  See also Felipe v. Sturgees, No. 1:06-CV-00086 AWI LJO P, 2006 WL 2843781, at *4
(E.D. Cal. Oct. 2, 2006) (holding that claim against defendants premised on their review of
plaintiff's inmate appeal from his disciplinary hearing and their failure to rectify due process

6

1   violations which occurred at that hearing, fails to state a cognizable claim); Shelby v. Clemente,

2   No. CIV. 04-1476-HA, 2005 WL 2140333, at *3 (D. Or. Aug. 29, 2005) ("A right to appeal

3   disciplinary convictions is not within the narrow set of due process rights delineated in Wolff

4   . . . . [T]he absence of an administrative appeal process as to the severity of the punishment does

5   not constitute a due process violation."). Therefore, defendants Von Ting, Childres and

6   Headley's motion to dismiss should be granted as to plaintiff's due process claims that these

7   defendants failed to overturn disciplinary decisions rendered and sentences imposed against

8   plaintiff.

9          Finally, the defendants' motion to dismiss the claims addressed above should be

10  granted without leave to amend since it is clear plaintiff cannot cure the noted deficiencies with

11  respect to those claims. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990);

12  Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987); see also Cato v.

13  United States, 70 F.3d 1103, 1106 (9th Cir.1995) (leave to amend to be freely granted to a pro se

14  litigant, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by

15  amendment").

16  III.  Motion to Dismiss by Defendant Stanton

17         Defendant Sheriff Stanton argues that plaintiff's claims concerning a properly

18  functioning inmate appeal system should be dismissed. In so moving defendant Stanton refers

19  to the following paragraphs of plaintiff's complaint wherein he challenges the manner in which

20  his inmate grievances were handled and defendant Stanton's role in that process:

21         90. Defendant Stanton has promulgated a rule that there shall be
           no appeal of the findings of a hearing member or the disciplinary
22         imposed. Thus denying plaintiff a legal right to appeal punitive
           DISO - ISO segregation or DISO diets.
23
           91. The County Jail has only a[n] ineffective grievance system and
24         defendants Stanton and Headley do not follow their own rules of
           grievance review which requires a watch supervisor to review 1st
25         level and facility commander at the second level. The defendants
           allow low ranking defendants to answer grievances which results
26         in ineffective responses.

***

156.  The actions of defendants Stanton, Headley, Childres and Von Ting in refusing to overturn the plaintiff's disciplinary conviction, despite their knowledge of the above described due process violations constituted deliberate indifference and furture [sic] denied the plaintiff the due process of law in violation of the Fourteenth Amendment to the United States Constitution.

***

162.  The actions of defendants Stanton and Headley in refusing to overturn the punitive disciplinary diet despite their knowledge of the above described due process violation constituted deliberate indifference and further denied the plaintiff the due process of law in violation of the Fourteenth Amendment to the United State Constitution.

***

170/2.   The action of defendant Stanton of promulgating a rule that plaintiff nor any other pretrial detainee shall not appeal findings of a disciplinary hearing member or the discipline imposed constitutes a deniel [sic] of exhaustion of remedies and access to the courts and further denied plaintiff the due process of law in violation of the Fourteenth Amendment to the United States Constitution.

171.  The actions of defendant Stanton and Headley of allowing subordinate low-ranking agents to answer plaintiffs grievances in controvention [sic] of written rules of review constitutes deliberate indifference and further denied the plaintiff the due process of law in violation of the Fourteenth Amendment to the United States Constitution.

(Compl. at 18, 30-35.)

In seeking an order dismissing these claims, defendant Stanton advances the same arguments relied upon by defendants Von Ting, Childres and Headley in their motion to dismiss. Those arguments have been addressed above.  For the same reasons as stated above, plaintiff's claims that defendant Stanton failed to properly process his inmate grievances, failed to overturn disciplinary decisions and sentences imposed against plaintiff and failed to provide a proper appeals process to challenge disciplinary actions, fail to state a cognizable claim and should be dismissed without leave to amend.

/////

8

1      Defendant Stanton also argues that plaintiff's claim alleging inadequate law

2  library services at the jail should be dismissed.  In this regard, defendant Stanton refers

3  specifically to the following allegations in plaintiff's complaint:

> 110.  Defendant Stanton has closed and eliminated the county jail law library (See Exhibit <u>C</u>) effective October 1st, 2005.

> ***

> 112.  Defendant Stanton and his agents have contracted a legal paging firm Legal Research Associates (LRA), to provide plaintiff and other pretrial detainees with legal research assistance.

> 113.  LRA does not provide adequate assistance in that no services are provided to illiterate blind or non-English reading pretrial detainees.

> 114.  Plaintiff and all other similarly [sic] situated pretrial detainees must fill out a paging request form in order to obtain materials[.] Additionally LRA does not provide all adequate research materials mandated in <u>Bounds v. Smith</u>, 430 U.S. 817[.]

> 115.  Defendant Stanton is violating plaintiffs [sic] right to an adequate law library and access to the courts by eliminating the county jails [sic] law library.

> 116.  Defendant Stanton is negligent in that he cannot monitor or train LRA employees to ensure they have the proper training and educational requirements to provide adequate legal services to plaintiff and all those others similarly [sic] situated.

> 117.  Under defendant Stanton's new legal assistance program the plaintiffs [sic] and also the rights of illiterate, uneducated, blind, or non-English speaking persons is being denied not only an adequate law library but also an actual person trained in the law to speak to face to face.

> ***

> 176.  The action of defendant Santon to eliminate the county jail law library constitutes deliberate indifference to the plaintiff's pretrial detainee right to adequate access to the courts and further denied the plaintiff rights under the Sixth and Fourteenth Amendments to the United States Constitution.

> 177.  The action of defendant Stanton to eliminate the county jail law library violated the plaintiff's rights pursuant to the class action case Berry et al vs. Solano County Sheriffs Office, case no. 81-116 PCW (E. Dist. Cal)

1    178.  The failure of defendant Stanton to adequately supervise,
     train, and moniter [sic] the legal research associates constitutes
2    deliberate indifference and further denied the plaintiff and all other
     pretrial detainees their rights under the Sixth Amendment to the
3    United States Constitution.

4    179.  The action of defendant Stanton of denying the plaintiff and
     other pretrial detainees who are illiterate, uneducated, blind, or
5    non-English speaking adequate access to a law library constitutes
     deliberate indifference and further denied the plaintiff access to the
6    courts in violation of the due process clause, the equal protection
     clause, the First Amendment and the privileges and immunities
7    clause of Article IV of the United States Constitution.

8    (Compl. at 21-23, 37-38.)

9         Citing the decision in Lewis v. Casey, 518 U.S. 343, 350 (1996), defendant

10   Stanton argues that plaintiff has no constitutional right to a law library or to legal assistance but

11   instead must merely be provided access to the courts which can be accomplished by means other

12   than law library facilities.  (Stanton MTD at 3.)  Defendant argues that plaintiff has also failed to

13   allege facts demonstrating that he suffered actual injury as a result of the jail law library's

14   closure.  (Id. at 4.)  Finally, defendant Stanton argues that plaintiff's claim is based on

15   "theoretical fears," about the effectiveness of the LRA service.  (Id.)  Defendant refers to

16   plaintiff's exhibit, attached to the complaint, indicating that the LRA system was initiated a mere

17   seven weeks before plaintiff filed his complaint.  Defendant argues that in Lewis v. Casey, the

18   Supreme Court encouraged "local experimentation" and that the Solano County Jail's new

19   program should remain in place at least until an inmate demonstrates that a non-frivolous legal

20   claim has been frustrated or impeded as a result of the implementation of that system.  (Id. at 4-

21   5.)  In his opposition to the motion to dismiss plaintiff has not addressed the arguments advanced

22   by defendant Stanton.

23        It is well-settled that "[p]risoners have a constitutional right of access to the courts

24   guaranteed by the Fourteenth Amendment."  Bounds v. Smith, 430 U.S. 817, 821 (1977).

25   However, an inmate alleging a violation of Bounds must demonstrate an actual injury to court

26   access.  Lewis v. Casey, 518 U.S. at 349.  The "actual injury" requirement applies even where a

1   prisoner complains of an inadequate law library or inadequate assistance from persons trained in

2   the law.  Id.  To demonstrate "actual injury," plaintiff must show that he "could not present a

3   claim to the courts because of the state's failure to fulfill its constitutional obligations."  Allen v.

4   Sakai, 48 F.3d 1082, 1091 (9th Cir. 1995).  Actual injury could include, for instance, dismissal of

5   plaintiff's complaint "for failure to satisfy some technical requirement which, because of

6   deficiencies in the prison's legal assistance facilities, he could not have known," or "that he had

7   suffered arguably actionable harm that he wished to bring before the courts, but was so stymied

8   by inadequacies of the law library that he was unable even to file a complaint."  Lewis, 518 U.S.

9   at 351.  Here, the court agrees that plaintiff has failed to allege facts demonstrating that he

10  suffered an actual injury.  Instead, plaintiff's claim is based only on speculative injury to other

11  jail inmates.  Moreover, in his opposition to the motion plaintiff has not suggested that he can in

12  good faith allege that he suffered an actual injury as a result of law library closures at the jail.

13  Accordingly, defendant Stanton's motion to dismiss should be granted without leave to amend.

14  See Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir.2002); Reddy, 912 F.2d at 296-97;

15  Rutman Wine Co., 829 F.2d at 738; see also Cato, 70 F.3d at 1106 (9th Cir.1995).

16  IV.  Defendants' Request for Judicial Notice

17          Defendants Von Ting, Childres and Headley request that the court take judicial

18  notice of plaintiff's complaint, filed on November 2, 2005.  Defendant Stanton makes the same

19  request.  Although the court may take judicial notice of its own records, it is unnecessary for

20  defendants to file a request for judicial notice of a pleading that has been filed in this action.

21  Therefore, the requests will be denied as unnecessary.

22  V.  Plaintiff's Request for Entry of Default

23          Plaintiff requests that the court enter default against defendant Garrison due to his

24  "failure to plead or otherwise defend[.]"  (Req. for Default at 1.)  Court records indicate that on

25  January 3, 2007,  defendant Garrison signed the waiver of service of summons which was served

26  by the U.S. Marshal.  (Court document number 25, filed on January 18, 2007.)  On July 27, 2007,

1   defendant Garrison filed his answer.  Given the fact that defendant Garrison has now filed his

2   answer and in light of the policy underlying the Federal Rules of Civil Procedure favoring

3   decisions on the merits, plaintiff's request for entry of default will be denied.  See Eitel v.

4   McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citing 6 Moore's Federal Practice ¶ 55-05[2],

5   at 55-24 to 55-26).

6   VI.   Conclusion

7           In accordance with the above, IT IS HEREBY ORDERED that:

8           1.  Plaintiff's request for class action certification, included in plaintiff's

9   November 2, 2005 complaint, is denied;

10          2.  Defendants Von Ting, Childres and Headley's February 9, 2007 request for

11  judicial notice is denied as unnecessary;

12          3.  Defendant Stanton's February 9, 2007 request for judicial notice is denied as

13  unnecessary; and

14          4.  Plaintiff's July 25, 2007 request for entry of default is denied.

15          Also, IT IS HEREBY RECOMMENDED that:

16          1.  Defendants Von Ting, Childres, and Headley's February 9, 2007 motion to

17  dismiss pursuant to Rule 12(b)(6) be granted; and

18          2.  Defendant Stanton's February 9, 2007 motion to dismiss pursuant to Rule

19  12(b)(6) be granted.

20          These findings and recommendations are submitted to the United States District

21  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen

22  days after being served with these findings and recommendations, any party may file written

23  objections with the court and serve a copy on all parties.  Such a document should be captioned

24  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

25  shall be served and filed within five days after service of the objections.  The parties are advised

26  /////

1  that failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  DATED: August 16, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

7  DAD:4
   low2211.mtd