IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY RICHARD LOW,

    Plaintiff,                        No. CIV S-05-2211 MCE DAD P

    vs.

GARY R. STANTON, et al.,

    Defendants.            ORDER

         Plaintiff, a former inmate at the Solano County Jail, is proceeding pro se and has filed this civil action seeking relief under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA). The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262. Before the court are defendant Jackson's objections to findings and recommendations, filed on February 26, 2008. Plaintiff did not file a reply.

         In the findings and recommendations, the magistrate judge recommended that defendant Jackson's motion for summary judgment be granted in part and denied in part. The parties do not challenge the recommendation that summary judgment be granted as to plaintiff's Establishment Clause claim under the First Amendment and his Equal Protection Clause claim under the Fourteenth Amendment. However, defendant Jackson makes two objections to the

findings and recommendations denying his summary judgment motion for plaintiff's First Amendment Free Exercise Clause claim and RLUIPA claim.  First, defendant Jackson argues that he is entitled to qualified immunity, an argument raised in his summary judgment motion and rejected by the magistrate judge.  Second, defendant Jackson now argues for the first time that plaintiff's claims are moot.

In his objections, defendant Jackson has presented a mootness argument that is fundamentally different from those advanced in his motion for summary judgment.  This is not a case in which a pro se party, ignorant of the law, offered crucial facts and arguments only when he understood what was necessary to defend against a dispositive motion.  Cf. Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004) (district court abused its discretion in failing to consider evidence offered by the pro se plaintiff in objections to the magistrate judge's findings and recommendations where the objections were signed under penalty of perjury and included an explanation of his religious beliefs in opposition to summary judgment); Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002) (district court abused its discretion in failing to consider an equitable tolling claim raised by the petitioner for the first time in objections to the magistrate judge's findings and recommendations where the petitioner was proceeding pro se and in forma pauperis, had a third-grade education, was functionally illiterate, and was making a relatively novel claim under a relatively new statute).  The court declines to exercise its discretion to consider defendant Jackson's new argument presented for the first time in his objections to the findings and recommendations.  See Espinoza-Matthews v. California, 432 F.3d 1021, 1026 n.4 (9th Cir. 2005); United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000).[1]

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a de novo review of this case.  Having carefully reviewed the

---

[1] Defendant Jackson, of course, may make a properly presented motion arguing that plaintiff's claims against him under the Establishment Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment are moot if otherwise appropriate and supported.

entire file including defendant Jackson's objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 26, 2008 are adopted;

2. Defendant Jackson's July 26, 2007 motion for summary judgment is granted as to claims against defendant Jackson under the Establishment Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment; and

3. Defendant Jackson's July 26, 2007 motion for summary judgment is denied without prejudice as to claims against defendant Jackson under the Free Exercise Clause of the First Amendment and the Religious Land Use and Institutionalized Persons Act (RLUIPA).

Dated: March 20, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE