IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY RICHARD LOW,

    Plaintiff,                               No. CIV S-05-2211 MCE DAD P

   vs.

GARY R. STANTON, et al.,

    Defendants.                        <u>ORDER</u>

_____/

        Plaintiff, a former pretrial detainee at the Solano County Jail and now a state prisoner, is proceeding pro se and in forma pauperis with civil claims pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and state law.  Before the court are two motions to compel discovery filed by defendants, and plaintiff's request for an order directed to the warden of the prison where he is currently incarcerated with respect to his legal mail.

I. <u>Motion to Compel by Defendants Von Ting, Hambright, Glenn, Mallory, Driscoll, Jackson, Childres, Stanton, Headley, Clark, Atkins, Smith, Trojanowsky, Rodriguez and Garrison</u>

        The identified defendants seek an order compelling responses to their interrogatories and monetary sanctions due to plaintiff's failure to provide responses to interrogatories and to participate in his deposition.

1

       Defendants contend that they have not received responses to the following interrogatories: (1) interrogatories served by defendants Von Ting, Stanton, Smith, Mallory, Jackson, Headley, Hambright, Glenn, Driscoll, Clark, Childres and Atkins on March 22, 2007, (2) interrogatories served by defendants Garrison, Rodriguez and Trojanowski on August 10, 2007, and (3) interrogatories served by defendants Garrison, Rodriguez and Hambright (set 2) on September 24, 2007. Defendants argue that despite the granting of extensions of time and letters to plaintiff advising him of his obligation to respond to the interrogatories, plaintiff has failed to submit his responses. Defendants also contends that plaintiff failed to participate in his deposition despite being properly served with notice of the deposition. Defendants note that the court's March 2, 2007 discovery order allows defendants to depose plaintiff. Defendants seek an order compelling plaintiff to respond to the interrogatories, submit to a deposition and to pay sanctions in the amount of $4,383.65 for costs and attorneys' fees.

       Plaintiff opposes the motion arguing that on May 9, 2007, he requested that defendants stipulate to a 45-day extension to provide responses to interrogatories but he never received a response to his request. Plaintiff contends that he has submitted responses to requests for admissions propounded by defendants, but was unable to respond to the interrogatories in question because the correctional facility where he is being held did not provide him with his legal property. As for his deposition, plaintiff contends that Rule 30(a)(2) of the Federal Rules of Civil Procedure requires a court order for his deposition to be taken.

       In their reply, defendants argue that plaintiff's limited access to his legal materials did not preclude him from responding to the interrogatories and that plaintiff did not have good cause for refusing to participate in his deposition.

       Lastly, in plaintiff's February 28, 2008 document styled, "Plaintiff's Rebuttal To Defendant Jorgenson's Reply To Plaintiff's Opposition To The Motion To Compel," plaintiff attaches copies of his responses to interrogatories which were mailed to defendants' counsel on February 3, 2008. (Court document no. 89 at 16-18.) In this regard, it appears that plaintiff

provided the same response to all of the propounded interrogatories. That response is as follows: "After due diligence plaintiff has nothing responsive to this interrogatory beyond that which has been previously provided to the defendant." (Id.)

The court will grant defendants' motion to compel responses to their interrogatories. The court finds that plaintiff's late responses are inadequate and that his contention that he was unable to respond to interrogatories because he did not have access to his legal materials is unpersuasive. Plaintiff is cautioned that he must provide a complete answer to each interrogatory without reference to a prior response or document.

As for the taking of his deposition, plaintiff is mistaken in believing that a court order was necessary. In the discovery order, filed on March 5, 2007, the court authorized the deposition of plaintiff and other incarcerated witnesses so long as notice was provided at least fourteen days before the deposition in question. Defendants may re-serve plaintiff with a new notice of deposition. Should plaintiff fail to participate in his deposition, the court will considered the imposition of sanctions, including the dismissal of this action.

Although defendants' request for monetary sanctions is not without support, the court will not impose such sanctions at this time because of plaintiff's pro per status. However, plaintiff is cautioned that should he fail to comply with this order or should he demonstrate bad faith in the conducting of future discovery in this action, the court may well impose sanctions, including the dismissal of this action.

II. Motion to Compel by Defendant Jorgenson

Defendant Jorgenson contends that plaintiff was served with interrogatories and request for production of documents on October 22, 2007. He argues that when plaintiff's responses were not received, his counsel sent plaintiff a letter on December 20, 2007, demanding responses by January 3, 2008, and, again, no responses were received.

In his opposition to this motion to compel, plaintiff contends that he has responded to the interrogatories and the request for production of documents. Plaintiff attaches a

copy of his proof of service which indicates that his responses to the interrogatories in question were sent on February 3, 2008. (Court document no. 77 at 3.) However, plaintiff again responded to the five interrogatories merely as follows: "After due diligence plaintiff has nothing responsive to this interrogatory beyond that which has been previously provided to the defendant." (Court document no. 89 at 16-17.) As indicated above, such a response is not adequate and plaintiff will be ordered to provide further responses.

In response to defendant Jorgenson's request for the production of documents, plaintiff provided the following response:

> This request is vague and non-specific[.]  Plaintiff has previously provided defendant's attorney with Exhibit "A" within plaintiffs [sic] response to request for production of documents set one "county 25 and 26".  Plaintiff has nothing beyond that.

(Court document no. 88 at 1.) The "Exhibit A" referred to by plaintiff appears to be a copy of his proof of service for his responses to defendant Jorgenson's interrogatories and request for production of documents. (Id. at 2.) The court is perplexed by plaintiff's response to the production requests. It remains unclear whether plaintiff previously produced documents to defendant Jorgenson's counsel in response to discovery requests. Therefore, the court will grant defendant Jorgenson's motion to compel. Plaintiff is cautioned that he must produce the requested documents or clearly identify and describe the document(s) previously produced in response to each of defendant Jorgenson's requests for documents.

As indicated above, the court will not grant defense counsel monetary sanctions at this time.

III. Plaintiff's Motion for an Order Directed to Warden James Yates[1]

Plaintiff contends that prison authorities are refusing to mail documents that he is directing to defendants' counsel. Plaintiff seeks a court order requiring Warden Yates of

---

[1] Court document no. 87, filed on 2/28/08.

1  Pleasant Valley State Prison, to mail all of plaintiff's mail addressed to the court and attorneys of
2  record and that Warden Yates provide plaintiff a mailing allowance, or in the alternative, that the
3  court conduct an investigation.
4         To the extent that plaintiff is seeking an injunction, plaintiff has failed to comply
5  with Local Rule 65-231.  In addition, the court is unable to issue an order against individuals who
6  are not parties to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc.,
7  395 U.S. 100, 112 (1969).  Plaintiff has also failed to substantiate his claim that his legal mail is
8  being interfered with at this time.  Therefore, plaintiff's motion will be denied.
9         Accordingly, IT IS HEREBY ORDERED that:
10      1. Defendants Von Ting, Hambright, Glenn, Mallory, Driscoll, Jackson, Childres,
11  Stanton, Headley, Clark, Atkins, Smith, Trojanowsky, Rodriguez, and Garrison's November 20,
12  2007 motion to compel responses to interrogatories and deposition is granted in part;
13         a. Within thirty days from the service of this order, plaintiff shall provide
14  responses to defendants' interrogatories;
15         b. Plaintiff shall submit to deposition by defendants after proper notice
16  pursuant to the court's discovery order, filed on March 5, 2007;
17         c. Defendants' request for monetary sanctions is denied without prejudice;
18      2. Defendant Jorgenson's January 22, 2008 motion to compel is granted in part;
19         a. Within thirty days from the service of this order, plaintiff shall provide
20  responses to defendant Jorgenson's interrogatories and request for production of documents as
21  set forth above;
22         b. Defendant's request for monetary sanctions is denied without prejudice;
23      3. Plaintiff is cautioned that the court will not entertain requests by plaintiff for an
24  extension of time to respond to the defendants' interrogatories and request for production of
25  documents in light of the delays defendants have already experienced with respect to the
26  conducting of discovery.  Any failure by plaintiff's to comply with this order may result in the

1  imposition of sanctions including dismissal; and

2      4. Plaintiff's February 28, 2008 motion for an order directed to Warden Yates is denied.

DATED: March 26, 2008.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
low2211.mtc