IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY RICHARD LOW,

Plaintiff, No. CIV S-05-2211 MCE DAD P

vs.

GARY R. STANTON, et al.,

Defendant. ORDER

_________________________________/

Plaintiff is a state prisoner proceeding pro se with claims brought pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and state law. Before the court are two motions to compel further discovery brought by plaintiff.

By way of background, in his complaint plaintiff alleges that while he was detained at the Solano County Jail, on three occasions defendants Garrison and/or Rodriguez used excessive force against him. First, plaintiff alleges that on June 30, 2005, while he was talking to another officer about using the telephone, defendant Garrison grabbed plaintiff's arms, slammed his face and chest into the wall and shoved plaintiff up the stairs to his cell. (Compl. at 7.) Second, plaintiff alleges that on July 4, 2005, he pressed the unit intercom button several times and requested that the phone be turned on when defendant Garrison threatened plaintiff that if he did not stop pushing the intercom button, he would come out of the unit control tower

and "beat my ass." (Id. at 8.) Plaintiff claims that when he continued to make his requests to use the phone, defendants Garrison and Rodriguez opened the day room unit door and Garrison struck him several times with closed fists. (Id.) Plaintiff alleges that defendants Garrison and Rodriguez then dragged him across the concrete floor and kicked him inside his cell. (Id.) Third, plaintiff claims that on July 19, 2005, defendant Garrison and another officer searched his cell, used threatening language while doing so and asked plaintiff about a missing TV outlet fixture. (Id. at 9.) Because plaintiff feared he would again be assaulted by Garrison he fled, running toward an area where he knew there was a video monitoring system. (Id. 9-10.) Plaintiff claims he was chased by defendant Garrison, fell to the floor and that Garrison then punched him repeatedly in the head and neck area. (Id. at 10.)

I. Motion to Compel Production of Documents (Court Docket No. 114)

Plaintiff served defendants with four sets of requests for the production of documents containing 106 requests for documents. Plaintiff contends that defendants failed to properly respond to 89 of those requests. (Reply at 2.) Plaintiff now seeks an order compelling the production of incident reports, grievances, personnel records, diagrams, and inmate rosters. In his reply brief, plaintiff clarifies that his motion to compel concerns eight of his requests for production of documents. (Id.)

A. Incident Reports

Plaintiff served three requests for the production of documents concerning incident reports and received the following responses.

Set One: Request for Production of Documents No. 4

> Any and all Incident Reports involving the use of force by any of the named defendants in this action form [sic] June 29, 2004 to November 2, 2005.
>
> RESPONSE:
> Objection. Overly broad, harassing, and burdensome. Incident reports in the Solano County Jail are filed by inmate name. The Solano County Jail houses up to 1064 inmates and the population is in daily fluctuation. To locate all incident reports involving the

> 19 defendants named in this action would require reviewing the incident report files of every inmate housed in the Solano County Jail during a period of time in excess of 16 months and looking at each individual incident report to determine whether any particular report involved any of the 19 defendants. In addition, this request seeks documents which could invade other inmate's [sic] rights to privacy.

(MTC, Ex. C at 3-4.)

> Set Two: Request for Production of Documents No. 21
>
> Any and all incident reports written by defendants RODRIGUEZ and GARRISON involving the use of force between the period of June 2004 and January 2006.
>
> RESPONSE:
> Objection. Compound. Overly broad, harassing, and burdensome. Incident reports in the Solano County Jail are filed by inmate name. The Solano County Jail houses up to 1064 inmates and the population is in daily fluctuation. To locate all incident reports involving defendants RODRIGUEZ and GARRISON would require reviewing the incident report files of every inmate housed in the Solano County Jail during a twenty month period of time and looking at each individual incident report to determine whether any particular report was written by either RODRIGUEZ or GARRISON. In addition, this request seeks documents which could invade other inmate's [sic] rights to privacy.

(Id., Ex. E at 9.)

> Set Four: Request No. 21
>
> Any and all incident reports written by defendants Rodriguez and Garrison involving the use of force between the period of June 2004 and January 2006.
>
> Defendants may sanitize the incident reports blacking out the names of all inmates involved in the interests [sic] of privacy.
>
> Plaintiff would sugjest [sic] that the defendants query the Solano County Sheriff's Office Custody Division's computer system by defendants [sic] name and identification number in order to obtain the requested documents.
>
> In any case make an effort to obtain the requested documents or document your reasons for not making the effort.
>
> RESPONSE: Objection. Compound. Vague and ambiguous as to whether the plaintiff is requesting all incident reports concerning himself or all incident reports prepared by RODRIGUEZ and GARRISON involving the use of force. If the plaintiff is requesting the former, all incident reports concerning himself have

> already been produced. If the plaintiff is requesting the latter, responding parties further object that the request is overly-broad, harassing, and burdensome. Incident reports in the Solano County Jail are filed by inmate name. The Solano County Jail houses up to 1064 inmates and the population is in daily fluctuation. To locate all incident reports written by RODRIGUEZ and GARRISON involving the use of force between June 2004 and January 2006 would require reviewing the incident report files of every inmate housed in the Solano County Jail during a twenty month period of time and looking at each individual incident repot to determine whether any particular report was written by either RODRIGUEZ or GARRISON and, further, whether it involved the use of force. In addition, this request seeks documents which could invade other inmates' rights to privacy.

(Id., Ex. I at 13-14.)

In his motion, plaintiff argues that discovery should not be denied because defendants have an inefficient system for maintaining their records, citing Fagan v. District of Columbia, 136 F.R.D. 5, 7 (D. D.C. 1991). (MTC at 4.) Plaintiff states in his declaration that he needs the incident report written by defendants Garrison and Rodriguez "to establish their personal frequency and propensity to use force." (Id., Pl.'s Decl, ¶ 23 at 5.)[1]

In opposing the motion to compel, defendants have submitted the declaration of Sergeant Donna Cameron, a classification sergeant at the Solano County Jail's Fairfield detention facility. (Opp'n, filed May 2, 2008, Donna Cameron Decl. (Cameron Decl.)[2] at 1-2.) Sergeant Cameron explains that incident reports are maintained only electronically rather than on paper. (Cameron Decl. at 2.) She states that incident reports are retrievable by entering in the computer the name of the inmate or the incident report number. (Id.) She declares that the computer system does not allow for the retrieval of incident reports based on the name of the officer who authored a particular report, the nature of the incident, or the staff person who was the subject of the grievance. (Id.) Thus, Sergeant Cameron states:

---

[1] Court Docket No. 114 at 14.

[2] Court Docket No. 116, Part 6.

> To locate all incident reports or inmate grievances involving a particular staff person at the Solano County jail over a specified time period would require reviewing every incident report or inmate grievance of every inmate housed in the Solano County jail during the specified period of time and looking at each individual incident report or inmate grievance to determine whether any particular report or grievance involved the specified staff person.

(Id.)

Defendants argue that plaintiff seeks the production of incident reports which are not relevant to this action and not likely to lead to evidence that would be admissible at trial in any event. (MTC at 3-4, 7-8.) In this regard, defendants argue that plaintiff has already been provided incident reports that involved himself, producing incident reports unrelated to this action would invade the privacy of the other jail inmates who are the subject of those reports, and reports regarding other incidents involving different inmates and possibly different officers are not relevant to this action since the issue of whether excessive or proper force was used against plaintiff will be determined based on the facts of this case. (Id. at 4-5 and 8.)

In his reply, plaintiff argues that defendants have "no standing" to argue that the jail filing system prevents them from producing the requested documents or to suggest how plaintiff should conduct his discovery. (Reply at 4.) Plaintiff also disputes defendants' contention that plaintiff's discovery efforts are an attempt to harass defendants or that the discovery requests are invalid because of compound language. (Id. at 6-7.)

Plaintiff's motion seeking the production of incident reports will be denied. The court agrees that plaintiff's request for production number 4 is overly broad since plaintiff's excessive force claim concerns only defendants Garrison and Rodriguez. In addition, the court is not persuaded that the production of all incident reports written by defendants Garrison or Rodriguez over an 18 month period (request number 28 for sets two and four), would produce any information relevant to this action. To the extent that plaintiff seeks such reports in an attempt to show that defendants Garrison and Rodriguez had a propensity for using excessive force, such evidence would be inadmissible to prove conduct. See Rule 404(b) of the Federal

Rules of Evidence ("Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith."). As one district court has stated in denying a similar discovery request:

> The plaintiffs might further contend that the documents could lead to admissible evidence against the individual officers in question, as these past incidents of excessive force might bear on the case at issue. This sort of past conduct evidence is not admissible in federal courts, with very narrow exceptions. Fed.R.Evid. 404(b). It further appears that the documents are not likely to lead to admissible evidence. The liability of the individual police officer arises out of this particular incident. Evidence of other similar incidents could only show a propensity for excessive use of force. This is the sort of conduct in conformity with character evidence which 404(b) prohibits.

Segura v. City of Reno, 116 F.R.D. 42, 44 (D. Nev. 1987).

In addition, the character traits of defendants Garrison and Rodriguez are not an essential element of plaintiff's excessive force claim. Moreover, the granting of plaintiff's overly broad request would require the production of incident reports, which although authored by defendants Garrison or Rodriguez, involved the use of legitimate force by officers, including officers not parties to this action. Finally, the court is persuaded that the discovery request is burdensome and to some extent would invades the privacy of other inmates. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (noting that privacy interests may be a basis for restricting discovery).

Accordingly, plaintiff's motion to compel will be denied with respect to his request that additional incident reports be produced by defendants.

B. Inmate Grievances

Plaintiff served a request for the production of documents concerning inmate grievances and received the following response.

/////

/////

/////

Set One: Request No. 8

> Any and all documentation reflecting grievances filed by Solano County Jail inmates specifically against any of the named defendants in this action from June 29, 2004 until November 2, 2005.
>
> RESPONSE:
> Objection. Overly broad and not reasonably calculated to lead to the discovery of admissible evidence. In addition, the request is burdensome and harassing. See response to Request to Produce No. 4.

(MTC, Ex. C at 4-5.)

Defendants argue that they should not be required to produce the requested documents because unsubstantiated grievances from a time prior to plaintiff's arrival at the jail involving incidents unrelated to those involving plaintiff are completely irrelevant to this action and are not properly the subject of discovery. (Opp'n at 6.) Defendants also explain that they would have to review the inmate grievances of every inmate housed at the jail for the period of time requested in order to comply with this request since grievances are maintained in the jail's computer system and retrievable by entering the name of the inmate that wrote the grievance or by entering the grievance number. (Id.) Defendants represent that although grievances are also maintained in paper form in the Classification Sergeant's office, they are filed only by grievance number and the review necessary to comply with the request would be unduly burdensome. (Id.)

In his reply, plaintiff again argues that defendants have no standing to rely on the filing system as a reason for failing to produce the grievances. (Reply at 4-5.) Plaintiff also argues that the grievances he seeks are a "valuable source" of information regarding other complaints against jail personnel which would help substantiate his claims in this case. (Id. at 5.)

Plaintiff's arguments are unpersuasive for the same reasons set forth above with respect to his request incident reports. The request is therefore overly broad, burdensome, and requires the production of documents not relevant to this action. Accordingly, the court will deny plaintiff's motion to compel further production of inmate grievances.

C. Personnel Records

Plaintiff served two requests for the production of documents concerning the personnel files of the defendant officers and received the following responses.

Set Two: Request for Production of Documents No. 28

> The complete personnel record of defendant GARRISON, including but not limited to:
> 1. Job description 2. Commendations. 3. Reprimands. 4. Letters of instructions. 5. Citizen's complaints. 6. Workman's [sic] Compensation claims. 7. Injury reports. 8. Complaints and/or Grievances filed against him. This request shall exempt any personal information such as: 1. Home address. 2. Phone numbers, 3. Social Security Number, 4. W2-Forms. 5. Financial information or other information not reasonably related to the performance of his duties as a sheriff employee.
>
> RESPONSE: Objection. Compound and not reasonably calculated to lead to the discovery of admissible evidence. Vague and ambiguous as to which entity's personnel records regarding GARRISON are being requested. Overly broad, harassing, burdensome and vague as to time. Inmate grievances are filed by inmate name. The Solano County Jail houses up to 1064 inmates and the population is in daily fluctuation. To locate all inmate grievances involving GARRISON would require reviewing the grievance files of every inmate housed in the Solano County Jail during GARRISON'S employment and looking at each individual grievance to determine whether any particular grievance involved GARRISON. In addition, this request seeks documents which could invade other inmate's [sic] rights to privacy.
> This request also asks for documents protected from disclosure pursuant to California Penal Code §832.7 and the official information privilege and seeks documents not related to a claim or defense in this litigation. See declaration of Lieutenant Charles Johnson. In addition, this request invades GARRISON'S right to privacy.

(MTC, Ex. E at 11-12.)[3]

Set Four: Request No. 28

> The complete personnel record of defendant Garrison, including but not limited to:
> 1. Job description
> 2. Commendations

[3] Court Docket No. 114 at 48-49.

3. Reprimands
4. Letters of instructions [sic]
5. Citizen's complaints and/or grievances filed against him
6. Workmen's [sic] Compensation claims
7. Injury reports
8. Solano County Sheriff Department complaints or grievances within his personnel file

This request shall exempt any personal information such as:

A. Home address
B. Phone numbers
C. Social Security Number
D. W2 forms
E. Financial information

or other information not reasonably related to the performance of his duties as a Solano County Sheriff employee. The personnel record requested is in the possession of the Solano County Sheriff's Department.

This request is made pursuant to F.R.C.P. 34 and in accordance with FRCP 26(b)

If the defendants raise claims of privilege that plaintiff ask [sic] that defendants describe the nature of the documents, things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the plaintiff or other parties to assess the applicability of the privilege or protection.

RESPONSE: Objection. Compound and not reasonably calculated to lead to the discovery of admissible evidence. Overly broad, harassing, burdensome and vague as to time. Inmate grievances are filed by inmate name. The Solano County Jail houses up to 1064 inmates and the population is in daily fluctuation. To locate all inmate grievances involving GARRISON would require reviewing the grievance files of every inmate housed in the Solano County Jail during GARRISON'S employment and looking at each individual grievance to determine whether any particular grievance involved GARRISON. In addition, this request seeks documents which could invade other inmate's right to privacy. This request also asks for documents protected from disclosure pursuant to California Penal Code §832.7 and the official information privilege and seeks documents not related to a claim or defense in this litigation. See declaration of Lieutenant Charles Johnson produced with responding parties' response to request for production of documents, set two. In addition, this request invades GARRISON'S right to privacy.

(MTC, Ex. I at 16-17.)

The Lieutenant Johnson referred to by defendants states in his declaration filed with the court that Sheriff Department policy requires that officer personnel files be

confidentially maintained and that, in his opinion, the release of such information would put an officer at risk, compromise the security of the Department and the officer, and thwart open communication between commanding officers and their subordinates. (Id., Ex. F at 1-2.)[4] Finally, Lieutenant Johnson indicates that he personally reviewed defendant Garrison's personnel file and "it is my opinion that none of the records contained in that file is relevant to the allegations of plaintiff's complaint." (Id., Ex. F at 2.) Defendants request at the very least in camera review of the requested personnel file before the court determines whether any documents from that file should be produced. (Id.)

Plaintiff argues that defendants cannot claim a privilege which is based on state law, and that defendants must identify the specific privilege they are asserting. (MTC at 5-7.) Plaintiff argues that Lieutenant Johnson's declaration establishes that the documents he seeks have been released to persons outside this litigation and no privilege can be asserted because of that disclosure. (MTC at 7.) Plaintiff states that he needs defendant Garrison's personnel records to establish his history of using excessive force, to locate witnesses who could testify as to that history and to establish collusion between the defendants concerning the unconstitutional use of force. (Pl's Decl. at 5-6.)[5]

Defendants argue that defendant Garrison is entitled to protection of his personnel file by the official information privilege. (Opp'n at 11.) Citing Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990), defendants argue that government personnel files are considered official information which are privileged if the potential benefits of disclosure outweigh the potential disadvantages. (Id. ) In order to apply the privilege, defendants must file a declaration or affidavit which shows (1) the material in issue has been kept confidential, (2) the official has reviewed the material in question, (3) the governmental interest that would be

---

[4] Plaintiff's Exhibit F is at Court Docket No. 114, pages 54-55.

[5] Court Docket No. 114 at 14-15.

threatened by disclosure, (4) the disclosure even with a protective order would create a substantial risk of harm to significant governmental interests, (5) a projection of the harm if disclosure was made. (Id.) (citing Kelly v. San Jose, 114 F.R.D. 653, 670 (N.D. Cal. 1987)). Defendants contend that through the declaration submitted by Lieutenant Johnson they have fulfilled those requirements with respect to plaintiff's request. (Opp'n at 12-13.) Defendants also argue that plaintiff could have acquired the information he seeks through use of interrogatories, rather than by seeking the disclosure of defendant Garrison's personnel file. (Id. at 13.) Lastly, defendants argue that the disadvantages to disclosure outweigh any potential benefits in this case because disclosure would needlessly and dangerously expose Garrison's personal information and thereby chill open communication between commanding officers and their subordinates, seriously impacting the supervision and disciplinary procedures within the Solano County Sheriff's Department. (Id. at 13-14.)

In reply plaintiff asserts that defendant Garrison's use of force against him was not an aberration and that information in Garrison's personnel file could lead to the discovery of admissible evidence that would substantiate plaintiff's claims against Garrison and his employer. (Reply at 7.)

Plaintiff's request for production in this regard is overly broad. See Glass v. Diaz, No. 1:04-CV-5953-AWI-DLB-P, 2007 WL 2022034 (E.D. Cal. July 9, 2007) ("Plaintiff may not use discovery as a fishing expedition entitling him to review defendants' personnel files in their entirety.") Plaintiff did not limit his request for personnel file records to those concerning the use of excessive force nor did plaintiff limit the time period covered by his request. Plaintiff has also made no showing concerning the relevancy of defendant Garrison's worker's compensation claims, injury reports, letters of instructions, commendations and job description. Although personnel records of police officers who have allegedly engage in the excessive use of force may be subject to discovery pursuant to properly limited requests for production, plaintiff has not

/////

made such a properly limited request here. Accordingly, the court will deny plaintiff's motion to compel the broad production of defendant Garrison's personnel files.

D. Diagrams

Plaintiff served a request for the production of documents concerning diagrams and received the following response.

> Set Three: Request No. 7
>
> The Facility Administrators [sic] written policies and procedures for an exersize [sic] and recreation plan at the County Jail, including diagrams of all designated exercize [sic] areas and the exact locations within the County Jail were [sic] exersize [sic] is permitted and authorized: The CCR § 1065 mandates the plan.
>
> RESPONSE: Objection. Requesting diagrams of the facility poses a security risk and for that reason no diagrams will be produced. Responding parties hereby produce Solano County Sheriff's Office Custody Policy and Procedures No. 19.05, Recreational Inmate Activities.

(MTC, Ex. H at 4-5.)[6] Plaintiff contends that the diagram is needed "to establish exactly where those locations are to prevent defendants from claiming later that an area within the facility is suddenly authorized excersize [sic] areas . . . [and for] exhibits and visual aids during trial . . . ." (Pl.'s Decl. ¶ 40 at 8-9.)

In opposing the motion to compel defendants provide the declaration of Lieutenant Rod Marsh who attests to the security concerns should a diagram of the physical layout of the jail be produced. He states in this regard:

> From this information, he could determine the precise location of all exit doors, security doors, fire doors, entrances, and exits into and out of these areas. He could calculate exact distances between points and estimate response times to different areas within the jail. All of this information would be of immeasurable value to an inmate in plotting an escape or an attack on staff or another inmate.

(Opp'n, Marsh Decl. ¶3 at 2.)

---

[6] Court Docket No. 114 at 60-71.

The court is persuaded by the security concerns expressed by Lieutenant Marsh in his declaration and is unconvinced that the requested information is necessary to allow plaintiff to properly prepare his case. Accordingly, plaintiff's motion to compel the production of the requested jail diagrams will be denied.

E. Roster of Inmates

Plaintiff served a request for the production of documents seeking a roster of jail inmates on certain dates and received the following response.

Set Three: Request No. 16

> County Jail Roster or list of detainees containing the names and identification numbers of any and all inmates assigned to and housed within the County Jail, 4th Floor, Max-A side, A-Module on the following dates:
> A. July 14, 2005
> B. July 19, 2005
>
> RESPONSE: Objection. This request seeks documents that invade the right of privacy of other inmates and are protected from disclosure by Cal. Penal Code § 13300 et seq.

(MTC, Ex. H at 8.) In his declaration, plaintiff explains that he needs a roster of jail inmates on the days in question to help him locate potential witnesses to the beatings he suffered while incarcerated at the jail. (Id., Pl.'s Decl. ¶ 45 at 10.)

Defendants argue that such disclosure not only violates other inmates' right of privacy, but also seeks irrelevant information. (Opp'n at 19.) Defendants point out that in his complaint plaintiff alleges that he was the victim of officers using excessive force on June 30, 2005, July 4, 2005, and July 19, 2005. Therefore, defendants argue, a roster of jail inmates for July 14 is irrelevant. (Id.) Moreover, defendants argue that since plaintiff alleges that the beating on July 19, 2005 occurred away from the housing unit, his need for the requested information is questionable and clearly outweighed by the interest of the other jail inmates in preserving their privacy. (Id.)

/////

In reply, plaintiff points out that he requested the roster for July 4, not July 14 and that inmates in the housing unit would have a clear and unobstructed view of the areas around the unit control booth and the officer desk, and the area outside the housing units, where the alleged uses of excessive force occurred. (Reply at 10-11.)

Plaintiff has neither alleged nor presented any evidence that any other inmates at the jail witnessed the alleged use of excessive force against him. Rather, plaintiff merely speculates that other inmates may have observed the events in question. Moreover, there are a variety of less-intrusive ways in which plaintiff could have sought information more likely to identify any witnesses than by broadly requesting the entire roster of inmates housed at the county jail on several days in 2005. The discovery request that is the subject of the motion to compel appears to be a fishing expedition and not a legitimate and carefully honed attempt to identify legitimate witnesses. Accordingly, and in light of the privacy rights of the other jail inmates, the court will deny plaintiff's motion for the production of a roster of inmates and their identification numbers.

II. Plaintiff's Second Motion to Compel (Court Docket No. 120)

In his second motion to compel, plaintiff seeks responses to his request for admissions, set one, served on defendants on May 14, 2008. Defendants oppose the motion, arguing that the request for admissions was untimely pursuant to the court's scheduling order.

The court's March 6, 2008 Scheduling Order set June 20, 2008 as the deadline for discovery. The required that motions to compel discovery needed to be filed by that date and that all requests for discovery needed to be served not later than sixty days prior to that date. Therefore, under that Scheduling Order the deadline for serving discovery requests on the opposing party was April 21, 2008. Since plaintiff's request for admissions was served on defendant well after that date, they were untimely. Accordingly, plaintiff's motion to compel responses to his untimely request for admissions will be denied.

/////

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (Court Docket No. 114), filed on April 11, 2008, is denied; and

2. Plaintiff's motion to compel (Court Docket No. 120), filed on June 13, 2008, is denied.

DATED: January 6, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
low2211.mtc2a