IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY RICHARD LOW,

    Plaintiff,            No. CIV S-05-2211 MCE DAD P

    vs.

GARY R. STANTON, et al.,

    Defendants.          FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action containing claims brought pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act (RLUIPA)[1], and state law. Before the court is a motion for summary judgment on plaintiff's RLUIPA and First Amendment claims brought on behalf of defendants Stanton and Jackson.[2] In addition, defendant Stanton seeks summary judgment in his favor on plaintiff's

---

[1] In his complaint plaintiff alleged that his rights under the Religious Freedom Restoration Act (RFRA) had been violated. (Compl. at 39.) However, the court has construed this as a RLUIPA claim. See Findings and Recommendations filed Feb. 2, 2008 at 15-16 and Order filed Mar. 20, 2008.

[2] Defendant Stanton has not moved for summary judgment with respect to the other claims that are brought against him. On the other hand, this is defendant Jackson's second motion for summary judgment. His first such motion was granted in part with respect to plaintiff's First Amendment Establishment Clause and Fourteenth Amendment Equal Protection Clause claims. Defendant Jackson's previous motion for summary judgment was denied as to

claims alleging violation of his rights under the Establishment Clause of the First Amendment and Equal Protection Clause of the Fourteenth Amendment.

I. Summary Judgment Standards Under Rule 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

---

plaintiff's First Amendment Free Exercise Clause and RLUIPA claims. In his opposition to the pending motion, plaintiff argues that "under the doctrine of res judicata, direct estoppel, offensive collateral estoppel and the doctrine of preclusion of inconsistant [sic] position[,]" defendant Jackson should not be allowed to bring a second motion for summary judgment. (Pl.'s Mem. of P. & A. at 3.) Plaintiff's argument is without merit. Defendant Jackson's second motion for summary judgment was timely filed and is properly considered by the court. See Scheduling Order filed on Mar. 6, 2008.

1    If the moving party meets its initial responsibility, the burden then shifts to the
opposing party to establish that a genuine issue as to any material fact actually does exist. See
Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to
establish the existence of this factual dispute, the opposing party may not rely upon the allegations
or denials of its pleadings but is required to tender evidence of specific facts in the form of
affidavits, and/or admissible discovery material, in support of its contention that the dispute
exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must
demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the
suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986);
T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and
that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict
for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir.
1987).

   In the endeavor to establish the existence of a factual dispute, the opposing party
need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary
judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
committee's note on 1963 amendments).

   In resolving the summary judgment motion, the court examines the pleadings,
depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any.
Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477
U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court
must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless,
inferences are not drawn out of the air, and it is the opposing party's obligation to produce a

1  factual predicate from which the inference may be drawn.  See Richards v. Nielsen Freight Lines,
2  602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to
3  demonstrate a genuine issue, the opposing party "must do more than simply show that there is
4  some metaphysical doubt as to the material facts . . . .  Where the record taken as a whole could
5  not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for
6  trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

On December 8, 2006, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

II.  Parties' Arguments

Defendant Stanton is the Sheriff/Coroner of Solano County and held that position while plaintiff was a pretrial detainee confined at the Solano County Jail.  Defendant Jackson is the custody chaplain at that facility.  Although defendants have raised several arguments in support of their motion, the court will turn to their contention that plaintiff's claims under the RLUIPA, the First Amendment's Free Exercise and Establishment Clauses, and the Fourteenth Amendment's Equal Protection Clause have all been rendered moot.

In this regard, defendants refer to plaintiff's complaint and point out that the sole relief plaintiff seeks for the alleged violations of his rights is a declaratory judgment.  Defendants argue that a declaratory judgment can only issue if there remains an actual case or controversy before the court.  (Mem. of P. & A.[3] (P&A) at 11.)  Since plaintiff is no longer incarcerated at the Solano County Jail, defendants contend that plaintiff's claims are now moot.  (Id.)[4]

Plaintiff opposes the motion, arguing that the mootness doctrine does not apply here because he has raised a "policy claim[,] not a conditions claim[.]"  (Pl.'s Mem. of P. & A.

---

[3] Defendants' Memorandum of Points and Authorities is at Court Docket No. 126, Part 2.

[4] Defendants represent that since early 2006, plaintiff has been incarcerated at various state prisons following his conviction on January 20, 2006.  (P&A at 7.)

4

(Pl.'s Mem.) at 6.) Plaintiff contends that there was an "unwritten policy of not providing Qurans in Arabic to Muslims . . . ." (Id.) Plaintiff argues that a case is not moot "if the action that the plaintiff has challenged has a continuing effect after a transfer or release." (Id. at 8.) Plaintiff asserts that because the Solano County Jail's unwritten policy remains in effect and there is a "reasonable likelihood that plaintiff will return to the custody of defendant Sheriff Stanton and defendant Jackson" either for re-sentencing if his appeal is successful or following the granting of parole, his action is not moot. (Id. at 8-9.) Next, plaintiff argues that the court should consider his claims on the merits, apparently contending that the court should do so even if his claims have technically been rendered moot. (Id. at 9.) Lastly, plaintiff argues that he does not seek merely declaratory relief but rather also requested that the court "[g]rant such other relief as it may appear that plaintiff is entitled." (Id. at 10) (quoting Compl. at 46). Plaintiff argues that the relief he has requested could include nominal damages. (Id.)

III. Analysis

In his complaint, plaintiff asserts that on June 29, 2005, he was arrested and detained at the Solano County Jail. Although plaintiff presents several claims in his complaint, the motion before the court concerns plaintiff's claims that he was not provided a Quran in the Arabic language.[5] Plaintiff alleges that non-Christian inmates at the Solano County Jail do not have equal access to religious books and that funds are used to purchase Bibles and other Christian literature, but not Qurans because they are more expensive. Plaintiff claims violation of his rights under the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, and RLUIPA. In his complaint plaintiff requests that the court "issue a declaratory judgment stating," among other things, that:

/////

/////

---

[5] It is undisputed that defendant Jackson provided plaintiff with an English translation of the Quran.

5

> Defendant Stanton and Jackson's action of restricting plaintiff and all other non-Christians from obtaining religious books and literature from Solano County sources violates the plaintiffs [sic] rights under the Religious Freedom Restoration Act .

(Compl. at 40, 43.)   While plaintiff in his complaint seeks compensatory damages in specified amounts against other named defendants, nowhere does it seek monetary damages from defendants Stanton and Jackson in connection with the alleged violation of his rights under the First or Fourteenth Amendments and RLUIPA.

Under Article III, § 2 of the U.S. Constitution, a court has jurisdiction to address only actual "Cases" or "Controversies." Seven Words LLC v. Network Solutions, 260 F.3d 1089, 1094-95 (9th Cir. 2001).  "[A]n actual controversy must be extant at all stages of review, not merely at the time the complaint is filed."  Id. (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997)).  "Mootness is like standing, in that if it turns out that resolution of the issue presented cannot really affect the plaintiff's rights, there is, generally speaking, no case or controversy for the courts to adjudicate; no real relief can be awarded."  Smith v. Univ. of Washington Law School, 233 F.3d 1188, 1193 (9th Cir. 2000).  Thus, it has been observed that "[m]ootness is the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)."  Id. (quoting Native Vill. of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir. 1994)).

A declaratory judgment is proper only where "there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Lake Carriers' Ass'n v. MacMullan, 406 U.S. 498, 506 (1972). See also City of Los Angeles v. Lyons, 461 U.S. 95, 104 (1983) (declaratory relief not available due to a failure to allege a case or controversy where plaintiff contended that he might again be illegally choked by police).  Generally, when a prisoner is transferred from a prison, his claim for injunctive or declaratory relief becomes moot as to conditions at that particular facility.

Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001).  See also Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995) ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action); Henderson v. Ayers, No. CV 06-4348-VBF(RC), 2008 WL 2414837 at *2 (C.D. Cal. Mar. 14, 2008) (finding that plaintiff's civil rights and RLUIPA claims were moot because plaintiff was transferred and sought only injunctive relief regarding Islamic prayer service); Quillar v. California Dept. of Corrections, No. Civ. S-04-1203 FCD KJM P, 2007 WL 2069942, at *4 (E.D. Cal. July 13, 2007) (dismissing plaintiff's RLUIPA and First Amendment claims for injunctive relief against prison officials because they were rendered moot by his transfer to a different facility); Schwartz v. Snohomish County, No. C05-732P, 2006 WL 692024, at *8 (W.D. Wash.  Mar. 17, 2006) (holding that when a prisoner has been released from the prison where the claims arose, "a declaratory judgment would simply declare that Plaintiff was wronged and would have no effect on Defendants' behavior toward him").  Here, since plaintiff is no longer incarcerated at the Solano County Jail, his claims against defendants Stanton and Jackson concerning his allegations that he was access to an Arabic language Quran at that facility are moot unless they fall within an exception to the mootness doctrine.

The exception to the mootness doctrine applies when "(1) the challenged action was too short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." First National Bank of Boston v. Bellotti, 435 U.S. 765, 774 (1978).  See also Dilley, 64 F.3d at 1368-69 (prisoner's claim was rendered moot upon his transfer and did not fall under this two-pronged exception to mootness doctrine); Wiggins v. Rushen 760 F.2d 1009, 1011 (9th Cir. 1985) (where prisoner was no longer subjected to prison officials' allegedly unconstitutional activity, the complaint for injunctive relief was rendered moot).

This action was filed over three years ago and cannot be characterized as having a short duration.  Plaintiff argues, instead, that he may possibly be subject to the same policies at

7

the Solano County Jail in the future should he be successful in his appeal or following his release on parole. The mere possibility of circumstances under which he might be subjected to the alleged policies of the Solano County Jail in the future suggested by plaintiff is, however, simply too speculative to rise to the level of a reasonable expectation that he will be subjected to the same action again. See Dilley, 64 F.3d at 1369 (rejecting plaintiff/prisoner's argument that he could be transferred back to the correctional institution where the claim arose as too speculative to prevent mootness); Wiggins 760 F.2d at 1011; Williams v. Alioto, 549 F.2d 136, 143 (9th Cir. 1977) ("A mere speculative possibility of repetition is not sufficient. There must be a cognizable danger, a reasonable expectation, of recurrence for the repetition branch of the mootness exception to be satisfied."); 1A C.J.S. Controversies Capable of Repetition Yet Evading Review § 82 (2007) (cases satisfying the mootness exception include those actions involving issues such as abortion, elections, residency requirements, benefits, and pre-adjudication detention).

Plaintiff's claims do not fall within the exception to the mootness doctrine. In addition, plaintiff's argument that his claims concern policies which are not subject to the mootness doctrine is without legal support. Plaintiff is proceeding on his own behalf and this suit is not a class action. See Dilley, 64 F.3d at 1368 ("An inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action.").

Plaintiff's final argument is that his general prayer for relief, requesting that the court "grant such other relief as it may appear that plaintiff is entitled[,]" is in effect a request for nominal damages. This argument is unpersuasive. In Seven Words, the plaintiff sought only declaratory and injunctive relief, but argued on appeal following the granting of a motion to dismiss, that the general prayer for relief in the complaint included an implied prayer for damages. Id. at 1097. The Ninth Circuit rejected that argument, observing:

> Seven Words argues, however, that its general prayer for relief in its complaint includes an implicit prayer for damages, pointing out that a general prayer for relief "may include appropriate monetary relief

should circumstances prohibit injunctive relief." <u>Jet Inv., [Inc. v. Dep't of the Army]</u>, 84 F.3d [1137] at 1143[(9th Cir. 1996)]. . . . The Supreme Court has admonished us to be wary of late-in-the-day damages claims, like that asserted by Seven Words here, cautioning that "a claim for . . . damages, extracted late in the day from [plaintiff's] general prayer for relief and asserted solely to avoid otherwise certain mootness, [bears] close inspection." <u>Arizonans for Official English</u>, 520 U.S. at 71, 117 S. Ct. 1055 (concluding that plaintiff's plea for nominal damages, made to avoid mootness, could not avoid mootness where a damages claim could not lie against the state defendant).

<u>Id</u>.  The court also noted that although prior decisions had underscored the breadth of notice pleadings, even that principle has its limits in this regard  <u>Id.</u> at 1098.  Thus, the court, explained:

> Surely a simple request "for damages" would satisfy the notice requirement without imposing any undue burden on the drafter. Otherwise, notice pleading might allow a plaintiff to file, in any case, a complaint consisting of no more than the useless statement, "I was wronged and am entitled to judgment for everything to which I am entitled."  Such a result would undermine the intent of the civil rules and prejudice the opposing party.

<u>Id</u>.

For the reasons set forth above, the court will not construe plaintiff's general prayer for relief as a request for nominal damages.  To do so would run afoul of the well-established legal principles addressed herein.

## CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendants Stanton and Jackson's August 5, 2008 motion for summary judgment (Doc. No. 126) be granted;

2. Plaintiff's claims against defendants Stanton and Jackson under the Religious Land Use and Institutionalized Persons Act (RLUIPA) and the Free Exercise Clause of the First Amendment be dismissed as moot; and

3. Plaintiff's claims against defendant Stanton under the Establishment Clause of the First Amendment and Equal Protection Clause of the Fourteenth Amendment be dismissed as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 21, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
low2211.msjStanJack