IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY RICHARD LOW,

    Plaintiff,                        No. CIV S-05-2211 MCE DAD P

    vs.

GARY R. STANTON, et al.,

    Defendants.                 FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with several civil claims brought pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act (RLUIPA), and state law. Before the court is a motion for summary judgment brought by counsel on behalf of defendant Brian Glenn. The motion seeks summary judgment in defendant's favor with respect to plaintiff's claim that defendant Glenn denied him three phone calls as required by California Penal Code § 851.5(a) in violation of plaintiff's right to due process of law under the Fourteenth Amendment. Plaintiff seeks $10,000 in compensatory damages for punishment and emotional injury resulting from the denial of due process.

/////

/////

/////

I. <u>Summary Judgment Standard Under Rule 56</u>

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" <u>Id.</u> Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See <u>id.</u> at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id.</u> at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); <u>Matsushita</u>, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome

1  of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
2  (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
3  1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
4  return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
5  1436 (9th Cir. 1987).

6        In the endeavor to establish the existence of a factual dispute, the opposing party
7  need not establish a material issue of fact conclusively in its favor. It is sufficient that "the
8  claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
9  versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary
10 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
11 genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
12 committee's note on 1963 amendments).

13       In resolving the summary judgment motion, the court examines the pleadings,
14 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
15 any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson,
16 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the
17 court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587.
18 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
19 produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen
20 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
21 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
22 show that there is some metaphysical doubt as to the material facts . . . . Where the record taken
23 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
24 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).
25 /////
26 /////

On December 8, 2006, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

II. Plaintiff's Allegations

In his verified complaint, signed under the penalty of perjury, plaintiff alleges that defendant Glenn violated his rights to due process under the Fourteenth Amendment while plaintiff was incarcerated as a pretrial detainee at the Solano County Jail (hereinafter "County Jail"). (Compl. at 6: 16-19.) At the time of the alleged incident, defendant Glenn was a correctional officer at the County Jail. (Id. at 5.) Specifically, plaintiff claims that while being processed into the County Jail he requested, but was denied the use of, a properly working telephone as required by California Penal Code § 851.5(a).[1] (Id.) Plaintiff claims to have

---

[1] Section 851.5 of the California Penal Code provides:

> (a) Immediately upon being booked, and, except where physically impossible, no later than three hours after arrest, an arrested person has the right to make at least three completed telephone calls, as described in subdivision (b).
>
> The arrested person shall be entitled to make at least three calls at no expense if the calls are completed to telephone numbers within the local calling area.
>
> (b) At any police facility or place where an arrestee is detained, a sign containing the following information in bold block type shall be posted in a conspicuous place:
>
> That the arrestee has the right to free telephone calls within the local dialing area, or at his or her own expense if outside the local area, to three of the following:
>
> (1) An attorney of his or her choice or, if he or she has no funds, the public defender or other attorney assigned by the court to assist indigents, whose telephone number shall be posted. This telephone call shall not be monitored, eavesdropped upon, or recorded.
> (2) A bail bondsman.
> (3) A relative or other person.
>
> * * *

"repeatedly requested to use a phone and defendant Glenn would either ignore my requests or tell me to shut up." (Id.)

III. Defendant's Arguments

    A. No Evidence Exists That Defendant Violated Plaintiff's Rights

Counsel on behalf of defendant Glenn concedes that,

> the Supreme Court has "repeatedly held that state statutes may create liberty interests that are entitled to the procedural protections of the Due Process Clause of the Fourteenth Amendment." Vitek v. Jones, 445 U.S. 480, 488 (1980). The Ninth Circuit has held that California's statute providing an arrested person with the right to make at least three completed telephone calls creates such a liberty interest. Carlo v. City of Chino, 105 F.3d 493, 500 (9th Cir. 1997), cert. denied, 523 U.S. 1036 (1998). By violating the California statute, an officer violates an arrestee's constitutional right to due process. (Id.)

(Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. at 5-6.) Therefore, if defendant Glenn is found to have violated California Penal Code § 851.5 with regard to plaintiff, then a violation of plaintiff's right to due process is implicated.

In support of his motion for summary judgment defendant Glenn argues that "there is no evidence that [defendant] violated [plaintiff's] right to due process because there is no evidence that [defendant] violated § 851.5." (Id.) In this regard, defendant cites two uncontested facts in support of his argument: that signs were prominently posted informing newly arrived jail inmates of their rights to free local telephone calls and that plaintiff was placed in a holding cell within three hours of his arrest, after the booking process was complete, that was

---

(d) These telephone calls shall be given immediately upon request, or as soon as practicable.

(e) This provision shall not abrogate a law enforcement officer's duty to advise a suspect of his or her right to counsel or of any other right.

(f) Any public officer or employee who willfully deprives an arrested person of any right granted by this section is guilty of a misdemeanor.

equipped with a telephone. (Id.) These undisputed facts, however, do not address plaintiff's contentions that the telephone in his cell was not working, that defendant Glenn denied plaintiff's requests to use a properly working telephone, and that he was unable to use a telephone until twelve hours after his arrest. (Decl. of Matthew Ross Wilson in Supp. of Def.'s Mot. for Summ. J., Exh. A at 14-15.)

In response, counsel first infers two possibilities from plaintiff's contention that the phones in his cell were not working, both of which, he argues, would entitle defendant Glenn to summary judgment. To support his claim that the phones were working properly defendant offers the declaration of Mike Finnegan, manager of the phone system in the County Jail. (Def.'s Reply at 5.) Finnegan states that all phones in the County Jail operate on one of two cam/controllers. (Decl. of Mike Finnegan in Supp. of Def.'s Reply. at 1-2.) In this regard, he declares:

> When a cell contains multiple telephones, at least one telephone will be connected to one of the cam/controllers and at least one telephone will be connected to the other cam/controller. Thus, if one cam/controller goes down, at least one phone in the cell will continue to be operable through the other cam/controller.

(Id.) Finnegan further suggests that only a complete system failure would have caused all phones in the cell to malfunction and that he found no records of such a complete failure on June 29-30, 2005, the days of plaintiff's incarceration. (Id.) In other words, in the absence of a complete system failure, at least one of the phones in plaintiff's cell was working according to Finnegan. This logic, however, ignores the very real possibility that there are many ways for a telephone to be rendered inoperable.[2]

/////

---

[2] Had defendant Glenn offered records indicating that calls were made from the phones in plaintiff's cell before, during, or after his time there or that there were regular maintenance records for these phones, he may have met his burden in moving for summary judgment. But the reality is that the receiver, the mouthpiece, the dialing pad or some other part of the telephone could have been non-functioning without a complete system failure.

6

1    In the alternative, defendant Glenn offers that if the phones were not working
2 properly, a complete system failure would have made all the phones in the County Jail
3 inoperable, thus qualifying him for the physical impossibility exception in California Penal Code
4 § 851.5(a).  (Def.'s Reply at 5.)  Again, defendant's logic ignores the real possibility that the
5 phones in plaintiff's cell could have been rendered inoperable for reasons other than complete
6 system failure.  If that is the case, and plaintiff were able to prove that defendant Glenn denied
7 his repeated requests to use a working telephone, then summary judgment in defendant's favor
8 would not be warranted.

> Second, defendant Glenn offers as an undisputed fact that he has no recollection of whether [plaintiff] asked to use the telephone during the booking process...[but that it is defendant's] custom and habit to inform the inmate that he will have access to a phone once the booking process is completed and he is placed into a holding cell.

13 (Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. at 3.)  Plaintiff, on the other hand,
14 contests this, contending in his verified complaint and elsewhere that he repeatedly requested to
15 use a telephone during the booking process and was denied that access by defendant Glenn.
16 (Compl. at 6; Opp'n  at 2-3; Opp'n to Def.'s Statement of Undisputed Facts at 3.)  Thus, there is
17 a genuine issue as to the material fact of whether plaintiff asked to use the telephone during the
18 booking process and whether defendant Glenn denied him the use of a telephone.
19    Finally, defendant Glenn offers that plaintiff had access to a telephone from
20 approximately 7:05 p.m. on June 29, 2005, when he was placed in the holding cell, until 12:47
21 a.m., when he was moved to a new housing assignment.  (Mem. of P. & A. at 3.)  Plaintiff
22 contends that although there were telephones in the holding cell, none of them worked and
23 therefore the requirements of California Penal Code § 851.5 were not satisfied.  (Decl. of Pl. in
24 Supp. of Pl.'s Opp. at 2.)  Therefore, whether the telephones in plaintiff's cell were working
25 remains a material fact in dispute.
26 /////

1  For the reasons set forth above, defendant Glenn's motion for summary judgment
2  should be denied because there exists a genuine issue as to material facts in this case.
3  B.  Heck Bar
4  Defendant Glenn next argues that plaintiff's claim that he was denied his right to
5  make three telephone calls is Heck barred.  See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)
6  (prisoner's civil rights suit is barred if it would necessarily imply the invalidity of the prisoner's
7  conviction, unless that conviction has been overturned or otherwise invalidated.)  Defendant
8  argue that "because pretrial detainees' claim for lack of telephone access necessarily implied the
9  invalidity of subsequent convictions, which had not been overturned or invalidated," plaintiff's
10 claim in this case is barred.  (Mem. of P. & A. at 6-7) (citing Wyatt v. County of Butte, No. 2:06-
11 CV-1003 GEB JFM, 2007 WL 3340947, *3 (E.D. Cal. Nov. 9, 2007)).
12 The case relied upon by defendant is, however, distinguishable from the present
13 case.  In Wyatt, the plaintiffs in question alleged that their lack of telephone access while held as
14 pretrial detainees in the Butte County Jail impaired their ability to act as their own counsel and to
15 confer with witnesses who would have aided their defense.  Wyatt, 2007 WL 3340947 at *3.
16 Given those allegations, the district court found that the plaintiffs' lack of telephone access claim
17 implicated their Sixth Amendment right to counsel and that such a claim was barred by Heck
18 because their subsequent conviction had not been invalidated.  (Id.)  Here, plaintiff does not
19 allege that his Sixth Amendment right to counsel was impaired by his inability to exercise his
20 right to make three telephone calls.  Rather, plaintiff claims that he was punished and suffered
21 emotional injury as a result of the denial of his due process right to make the three phone calls
22 provided for under state law.  (Compl. at 45.)
23 /////
24 /////
25 /////
26 /////

Such a due process claim, as opposed to a Sixth Amendment claim, does not imply the invalidity of plaintiff's subsequent conviction. Therefore, his claim is not <u>Heck</u> barred.[3]

### C. Qualified Immunity

Defendant Glenn argues that, even if plaintiff could establish a violation of his constitutional rights, he is entitled to qualified immunity. (Mem. of P. & A. at 8.)

Government officials who perform discretionary functions generally are entitled to qualified immunity from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights for which a reasonable person would have known." <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982). Qualified immunity thus serves to protect "all but the plainly incompetent or those who knowingly violate the law." <u>Malley v. Briggs</u>, 475 U.S. 335, 341 (1986). However, qualified immunity is not available to defendant Glenn at this stage of the litigation under these circumstances.

As noted above, defendant has conceded that in <u>Carlo v. City of Chino</u>, 105 F.3d 493, 500 (9th Cir. 1997) the court held that California's statute providing an arrested person with the right to make at least three completed telephone calls creates a liberty interest and that by violating the California statute, an officer violates an arrestee's constitutional right to due process. In <u>Carlo</u> the court also rejected the defendant's claim of entitlement to qualified immunity in connection with the alleged violation of the California statute. In this regard, the court concluded:

/////

---

[3] The PLRA provides that no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury. 42 U.S.C. § 1997e(e). The Ninth Circuit has held that for all claims to which § 1997e(e) applies a prior showing must be made of a physical injury that need not be significant but must be more than de minimis. <u>Jackson v. Carey</u>, 353 F.3d 750, 758 (9th Cir. 2003); <u>Oliver v. Keller</u>, 289 F.3d 623, 627 (9th Cir. 2002). Thus, plaintiff may not seek damages with respect to this claim based solely on emotional injury.

> Given the clarity of the statute and the law defining liberty interests at the time, no reasonable officer could have believed that denying Carlo telephone calls did not violate her constitutional rights.

105 F.3d at 502.  Therefore, defendant Glenn is not entitled to qualified immunity with respect to plaintiff's claim that his due process rights were violated when he was denied the ability to make telephone calls upon his arrival at the jail following his arrest.

### D. Official Capacity Suit

The court notes that in his complaint plaintiff claims to be suing defendant in his official and individual capacities for damages.  (Compl. at 5, 45.)  State officials sued in their official capacity for damages are not persons for purposes of a § 1983 action.  See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997).  However, state officials sued in their personal capacity for damages are persons for purposes of § 1983.  See Hafer v. Melo, 502 U.S. 21, 31 (1991); Kentucky v. Graham, 473 U.S. 159, 166 (1985).

Therefore, if these findings and recommendations are adopted, plaintiff's claim will proceed against defendant Glenn only in his personal capacity.

### CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that defendant Glenn's August 7, 2008 motion for summary judgment (Doc. No. 127) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised

/////

/////

/////

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: February 5, 2009.

                                     /s/ Dale A. Drozd
                                     DALE A. DROZD
                                     UNITED STATES MAGISTRATE JUDGE

DAD3
low2211(Glenn).msj