IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY RICHARD LOW,

      Plaintiff,                    No. CIV S-05-2211 MCE DAD P

      vs.

GARY R. STANTON, et al.,

      Defendants.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with various claims brought pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act (RLUIPA) and state law. Before the court is the motion filed on behalf of defendants Dennis Von Ting, Carolyn Childers, Jason Trojanowski, Kenneth Jorgenson, and Dan Smith seeking summary judgment in their favor on the claims brought against them by plaintiff.[1] Specifically, the moving defendants

---

[1] Defendants Von Ting and Childers filed this motion jointly with defendants Trojanowski, Jorgenson, and Smith on August 14, 2008, arguing that "there is no evidence that [defendants Von Ting and Childers] denied [plaintiff] due process of law in violation of the 14th Amendment." (Defs.' Mem. of P. & A. in Supp. of Mot. for Summ. J. at 2) (Doc. No. 134). This summary judgment motion on their behalf is, however, superfluous with respect to plaintiff's due process claims against these two defendants based upon their role in the inmate grievance process and their alleged failure to overturn plaintiff's disciplinary conviction. Defendants Von Ting and Childers already prevailed on a motion to dismiss those due process claims. (<u>See</u> Order filed Sept. 20, 2007) (Doc. No. 61).

1

seek summary judgment on plaintiff's claims that: (1) he was denied due process of law by being punished with placement in disciplinary segregation thereby interfering with his right to secure bail and communicate with his attorney; (2) he was routinely denied reasonable access to a telephone to secure bail and to communicate with his attorney in violation of his right to due process; (3) he received his meals on disposable, as opposed to plastic, trays as a form of punishment in violation of his due process rights; (4) his placement on disposable tray status without a disciplinary hearing violated his right to due process; (5) he was denied the right to call his attorney and to exercise without a disciplinary hearing, thereby violating his right to due process; (6) he was denied equal protection and due process by being placed in disciplinary segregation with limited telephone access relative to the telephone access enjoyed by other pretrial detainees; and (7) he was not allowed to file a citizen's complaint against jail staff through a procedure required by California Penal Code § 832.5. Plaintiff has filed his opposition to the pending motion and defendants have filed a reply.

For the reasons set forth below, the court will recommend that defendants' motion for summary judgment be granted in its entirety.

<u>SUMMARY JUDGMENT STANDARDS UNDER RULE 56</u>

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

<u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers

to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a

genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving the summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587. Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

On December 8, 2006, the court advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

## ANALYSIS

I. Undisputed Facts

The following facts are undisputed as they relate to plaintiff's claims against the moving defendants. Defendants Trojanowski, Jorgenson, Von Ting, Childers, and Smith were employed at the Solano County Sheriff's Department at the time plaintiff was detained at the Solano County Jail. (Pl.'s Opp'n to Defs.' Statement of Undisputed Facts (Doc. No. 181) at 1-2.) On July 19, 2005, Officers Garrison and Weary conducted a search of plaintiff's cell. (Compl. at

/////

/////

9.)² While the search was taking place, plaintiff fled out of the unit towards the door to the control tower. (Id. at 10.)

On July 26, 2005, plaintiff was in the common hallway outside his cell and pressed a red intercom button. (Decl. of Matthew Ross Wilson in Supp. of Defs.' Mot. for Summ. J., Exh. A at 115.) After pressing the button, plaintiff let the control tower know that he wanted to use the phone. (Pl's Opp'n to Defs' Statement of Undisputed Facts at 2.) Plaintiff received an immediate response from central control through the intercom. (Decl. of Matthew Ross Wilson in Supp. of Defs.' Mot. for Summ. J., Exh. A at 115.) The officer asked plaintiff the nature of his emergency and plaintiff reiterated that he wanted to use the telephone. (Pl's Opp'n to Defs' Statement of Undisputed Facts at 2.) Plaintiff was then instructed by the officer not to push the emergency call button again. (Decl. of Matthew Ross Wilson in Supp. of Defs.' Mot. for Summ. J., Exh. A at 115-116.) Plaintiff repeated his request to use the telephone. (Id.)

At the time plaintiff pressed the red button, defendant Trojanowski was working as a Rover on Level 4 of the jail. (Pl's Opp'n to Defs' Statement of Undisputed Facts at 3.) Shortly after plaintiff's intercom exchange with the control tower officer, defendant Trojanowski arrived and told plaintiff to "lock up" (i.e. return to his cell), effectively ending his access to the telephone and to exercise for that moment. (Decl. of Matthew Ross Wilson in Supp. of Defs.' Mot. for Summ. J., Exh. A at 116.) Defendant Jorgenson arrived to assist Trojanowski and also told plaintiff to lock up. (Pl's Opp'n to Defs' Statement of Undisputed Facts at 4, 18.) Plaintiff complied with these verbal commands and returned to his cell. (Id. at 4.)

Placement in disciplinary segregation results in an inmate losing some privileges. (Id. at 6.) Nonetheless, inmates in disciplinary segregation at the Solano County Jail are afforded three hours and forty-five minutes of time outside their cells spread over six days of the week.

---

² Plaintiff's complaint was signed by him under the penalty of perjury and is therefore a verified complaint. On summary judgment the factual allegations set forth in a verified complaint are to be treated the same as those contained in an affidavit. See 28 U.S.C. § 1746.

5

(Id.) Jail inmates may be placed in segregation for a variety of reasons, including health issues that require closer monitoring, a history of violent behavior towards staff or other inmates, a history of escape attempts, or the presence of conditions that put the inmate's safety at risk were he to be placed in the general population. (Id. at 7.)

Assignment of an inmate to the Solano County Jail's Z module and placement in disciplinary segregation are not synonymous. (Id. at 5.) In this regard, inmates may be housed in the Z module without being on disciplinary isolation status and inmates on disciplinary isolation status may be housed in other housing units. (Id. at 6.) An inmate may be placed on disciplinary isolation status by a hearing officer following a finding of guilt at a disciplinary hearing. (Id. at 5-6.) All housing units in the Solano County Jail contain telephones for the use of the inmates. (Id. at 7.) While plaintiff was in the Z module, he had access to the telephone. (Decl. of Matthew Ross Wilson in Supp. of Defs.' Mot. for Summ. J., Exh. A at 106.) Plaintiff was also able to use the yard for exercise. (Pl's Opp'n to Defs' Statement of Undisputed Facts at 11.)

Meals at the Solano County Jail were generally served on hard plastic trays. (Id. at 13.) Meals were also occasionally served on disposable styrofoam trays when an inmate refused to return a plastic tray, threw a tray, or tampered with or destroyed a plastic tray. (Id.) Disposable trays were also used when providing meals to a particular inmate who was deemed to pose a threat to the safety or security of the jail staff and other inmates. (Id.) When an inmate's meals were to be served on disposable trays, that information was noted on a chalkboard in the jail's kitchen. (Id.)

The Solano County Sheriff's Department has an inmate grievance system. (Id. at 13.) Plaintiff submitted a grievance regarding his food being served on a styrofoam disposable tray and that grievance was routed to defendant Smith to prepare a response. (Id. at 14.) In that response, Smith informed plaintiff that his meals were being served on a disposable tray because Smith had instructed Correctional Officer Randle to serve plaintiff his food on a disposable tray and that except for the use of a disposable tray, his meals were exactly like the other meals being

served that morning. (Id.) Plaintiff admits that the nutritional value of meals served on styrofoam and plastic trays are the same but that sometimes the food gets mixed together on the trays. (Decl. of Matthew Ross Wilson in Supp. of Defs.' Mot. for Summ. J., Exh. A at 121.) Defendant Jorgenson never ordered that plaintiff's meals be served on disposable styrofoam trays. (Pl's Opp'n to Defs' Statement of Undisputed Facts at 14.)

II. Plaintiff's Claims

    A.  Due Process[3]

The United States Supreme Court has addressed the due process rights of pretrial detainees with respect to the conditions of their confinement, stating as follows:

> Where it is alleged that a pretrial detainee has been deprived of liberty without due process, the dispositive inquiry is whether the challenged condition, practice, or policy constitutes punishment, "for under the Due Process Clause, a detainee must not be punished prior to an adjudication of guilt in accordance with due process of law." Bell v. Wolfish, 441 U.S. 520, 535 (1979). In addressing the particular challenges in Wolfish, we carefully outlined the principles to be applied in evaluating the constitutionality of conditions of pretrial detention. Specifically, we observed that '[a] court must decide whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose.' Id. at 538. Absent proof of intent to punish, we noted, this determination "generally will turn on 'whether an alternative purpose to which [the restriction] may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned [to it.]'" Ibid. (quoting Kennedy v. Mendoza-Martinez, 372 U.S. 144 (1963)). We concluded: "if a particular

---

[3] In their motion for summary judgment defendants argue that they did not violate plaintiff's substantive due process rights in ordering him to return to his cell, serving his meals on a disposable tray, placing him on disciplinary isolation status, placing him in administrative segregation and in limiting his access to a telephone while in disciplinary isolation. (Defs.' Mot. for Summ. J. at 25-34.) "To establish a violation of substantive due process . . ., a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996). It is unclear whether plaintiff is alleging a substantive due process claim. If plaintiff has attempted to do so, he has failed to allege that defendants' actions were clearly arbitrary and unreasonable, having no substantial relation to the appropriate goal of ensuring the safety of staff and inmates as well as institutional security. Nor has plaintiff presented any evidence in support of such a contention. This is an essential element of a substantive due process claim.

7

condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.' Conversely, if a restriction or condition is not reasonably related to a legitimate goal–if it is arbitrary or purposeless–a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." Bell, 441 U.S. at 539. In setting forth these guidelines, we reaffirmed the very limited role that courts should play in the administration of detention facilities. In assessing whether a specific restriction is "reasonably related" to security interests, we said, courts should "heed our warning that '[s]uch considerations are peculiarly within the province and professional expertise of correctional officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations courts should ordinarily defer to their expert judgment in such matters.'" Bell, 441 U.S. at 540-541, n.23 (citation omitted) (quoting Pell v. Procunier, 417 U.S. 817, 827 (1974). We also cautioned: "[P]rison administrators [are to be] accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. Bell, 441 U.S. at 547.

Block v. Rutherford, 468 U.S. 576, 584-585 (1984). See also Pierce v. County of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008) ("Under the Due Process Clause, detainees have a right against jail conditions or restrictions that 'amount to punishment'"); Demery v. Arpaio, 378 F.3d 1020, 1030 (9th Cir. 2004) ("[T]o constitute punishment, the harm or disability caused by the government's action must either significantly exceed, or be independent of, the inherent discomforts of confinement.").

In his verified complaint plaintiff alleges that:

On July 26, 2005 defendant Trojanowsky [sic] SHC 307 and defendant Jorgenson SHC 154 denied me the right to call my attorney and also ordered me back to my cell for pushing the unit intercom button. Thus I was also denied my exercise period without a hearing.

* * *

The actions of defendant[s] Trojanowski and Jorgenson to deny the plaintiff to telephone his attorney and to also deny an exercise period without a disciplinary hearing constitutes deliberate indifference and further denied plaintiff of the due process of law in violation of the Fourteenth Amendment to the United States Constitution.

(Compl. at 16-17, 34.) In opposing the pending motion for summary judgment plaintiff has elaborated on this claim, arguing that "these defendants without notice or hearing . . . denied the plaintiff two constitutionally protected rights. 1. The use of a telephone. 2. Exercise." (Pl's Opp'n to Defs' Mot. for Summ. J. at 7.)

Defendants have submitted evidence that plaintiff pressed an emergency call button in the absence of a genuine emergency and, they argue, it is within the discretion of a jail correctional officer to order an inmate back to his cell after such an abuse of a security measure. (Defs' Statement of Undisputed Facts (Doc. No. 134, Part #2, at 3.) Plaintiff disputes defendants' evidence, stating that the red button he pushed did not indicate it was for emergencies and that he had already been admonished not to engage the unit intercom by the officer on the other end. (Pl's Opp'n to Defs' Statement of Undisputed Facts at 18.) Plaintiff further states that this admonishment was considered verbal counseling, under jail policy. (Id. at 18.) Plaintiff appears to equate "verbal counseling" with punishment and, therefore, he concludes that defendants Trojanowski and Jorgenson went beyond the first officer's verbal counseling and punished him a second time for the same act of pressing the intercom button, all without due process. (Id.)

Whether plaintiff pushed an emergency button or simply an intercom button, he has failed to present any evidence suggesting that by ordering him to return to his cell the defendant officers took action that was not reasonably related to the legitimate governmental objective of preserving internal order and discipline and maintaining institutional security. The fact that by ordering plaintiff back to his cell the officers also terminated plaintiff's access to the telephone and his ability to exercise on that particular occasion is of no consequence. Plaintiff concedes that he had three hours and forty-five minutes in which to exercise and was allowed use of the telephones each week while he was incarcerated at the Solano County Jail. Moreover, plaintiff does not claim that defendants Trojanowski and Jorgenson took any action to foreclose or unnecessarily limit his future opportunities to exercise and to use the telephone. Finally,

plaintiff's argument that the defendants' actions constituted unconstitutional repetitive punishment for his alleged error of pushing the emergency button is clearly frivolous.

Viewing the evidence in the light most favorable to plaintiff, defendants Trojanowski and Jorgenson simply ordered plaintiff back to his cell for pushing the emergency button. Plaintiff has failed to present any evidence establishing an essential element of his claim, namely that in ordering him back to his cell the defendants punished him in a manner not reasonably related to a legitimate governmental objective. As the Supreme Court has stated:

> Not every disability imposed during pretrial detention amounts to punishment in the constitutional sense, however. Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention. Traditionally, this has meant confinement in a facility which, no matter how modern or how antiquated, results in restricting the movement of a detainee in a manner in which he would not be restricted if he simply were free to walk the streets pending trial. Whether it be called a jail, a prison, or a custodial center, the purpose of the facility is to detain. Loss of freedom of choice and privacy are inherent incidents of confinement in such a facility. And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into "punishment."

Bell, 441 U.S. at 537.[4]

As noted, plaintiff also claims that defendants Jorgenson, Childers, and Smith placed him on a punitive "disposable tray status" beginning July 19, 2005 for at least fifty days without notice or a hearing in violation of his right to procedural due process. (Compl. at 25-27.) Plaintiff alleges in his verified complaint as follows:

> It is the practice, policy, and custom of [defendants Jorgenson, Childers, and Smith] as a form of punishment for those pretrial detainees who throw food trays, tamper with, or destroy food trays

---

[4] In this regard, the court is also mindful of the Supreme Court's cautioning that jail officials be accorded deference in their execution of practices that, in their judgment, are needed to preserve internal order and discipline to maintain institutional security. See Block, 468 U.S. at 585; Bell, 441 U.S. at 547.

10

> or refuse to return food trays. The use of disposable trays varies
> from defendant to defendant and will be ordered with or without a
> jail rule infraction hearing.

(Id.)

Defendants argue that they are entitled to summary judgment in their favor on this claim and have presented evidence that while meals at the Solano County Jail are generally served to inmates on hard plastic trays, for a variety of reasons some inmates are served meals on disposable styrofoam trays. (Defs' Statement of Undisputed Facts (Doc. No. 134, Part #2, at 13.) Among the reasons for using styrofoam trays are those cases in which an inmate is deemed to pose a threat to the safety or security of jail staff or other inmates. (Id.) Jail officials believed, based upon plaintiff's July 19, 2005 attempt to flee from his housing unit and his assaultive and resistive actions during that incident, that it was reasonable and appropriate to deem plaintiff a threat to the safety and security of jail staff and other inmates and therefore to serve his meals on a styrofoam tray instead of a plastic tray. (Id. at 15.)

In opposing the granting of summary judgment with respect to this aspect of his due process claim, plaintiff argues "[t]hese defendants have imposed a punishment upon plaintiff by placing and enforcing an unwritten "status" all without the benefit of due process." (Pl's Opp'n to Defs.' Mot. for Summ. J. at 9-10.)

First, plaintiff concedes that defendant Jorgenson did not place him on disposable tray status. (Pl's Opp'n to Defs' Statement of Undisputed Facts at 14.) Because of his admitted non-participation in the action plaintiff claims was punitive, defendant Jorgenson is entitled to summary judgment in his favor with respect to this claim.

Next, plaintiff does not dispute that the nutritional value of the food he was served on disposable trays was exactly the same as that served to other inmates. Thus, plaintiff has failed to present any evidence that his being served food in jail on a disposable tray was

/////

/////

11

punishment at all.[5] Block, 468 U.S. at 584 (requiring pretrial detainees claiming that they were subjected to "punishment" without due process to prove intent to punish or show that the challenged conduct was not reasonably related to a legitimate goal from which an intent to punish may be inferred); Bell, 441 U.S. at 537-39; Demery v. Arpaio, 378 F.3d 1035-36 (9th Cir. 2004); Valdez v. Rosenbaum, 302 F.3d 1039, 1045 (9th Cir. 2002) (affirming the grant of summary judgment in favor of jail officials where pretrial detainees challenged restrictions on telephone access in jail), cert. denied, 538 U.S. 1047 (2003).

Plaintiff does not contest that on July 19, 2005, he fled his cell during an inspection by Officers Garrison and Weary, nor does he dispute that under Solano County Jail policy food can be served to an inmate on styrofoam trays when the inmate poses a threat or risk to the inmate's and/or staff's safety and security. (Compl. at 9-10; Pl's Opp'n to Defs' Statement of Undisputed Facts at 13.) Jail officials, including defendants Childers and Smith, would have been entitled to view plaintiff's actions of July 19, 2005, as a threat to institutional security. Accordingly, they were justified in placing plaintiff on disposable tray status for the legitimate purpose of preventing him from using a hard plastic tray to either attempt a second such escape or to otherwise injure a guard or inmate in the process. Plaintiff has offered no evidence even suggesting that the defendants' actions in this regard were not reasonably related to the legitimate governmental objective of maintaining order, discipline and security within the jail. Therefore, defendants Childers and Smith should be granted summary judgment.

Plaintiff has also alleged that "it is the policy, practice, and custom of defendants...Childers, Jorgenson, Von Ting, and Smith to routinely violate pretrial detainees'

/////

/////

---

[5] The Eighth Amendment "requires only that prisoners receive food that is adequate to maintain health; it need not be tasty or aesthetically pleasing." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).

right to secure bail and communicate with attorneys at law by imposing DISO-ISO [6] status and segregation upon pretrial detainee as a form of punishment." (Compl. at 18.)

Defendants move for summary judgment arguing that the evidence presented establishes that while inmates who are placed in disciplinary segregation at the Solano County Jail lose certain privileges, they are afforded three hours and forty-five minutes of time outside their cells spread over six days of the week. The defendants note that plaintiff was found guilty of disciplinary violations during his stay at the jail and was sentenced to disciplinary isolation as a result of those convictions. In addition, defendants have presented evidence that upon his release from disciplinary isolation, plaintiff was assigned to administrative segregation pending his transfer to state prison due to his history of assaultive behavior toward jail staff. (Defs' Statement of Undisputed Facts at 11-12.) Defendants Childers, Jorgenson and Von Ting have also submitted evidence establishing that they played no role in plaintiff's assignment to disciplinary isolation or administrative segregation. (Id. at 11-12.) Thus, they argue that summary judgment on this aspect of plaintiff's claim should be granted to them. Defendant Smith, the supervisor of classification officers at the Solano County Jail, argues that based upon his review of plaintiff's records, plaintiff's classifications were appropriate in light of his conduct while incarcerated at the jail. (Id. at 13.)

Plaintiff concedes that being placed on disciplinary isolation status necessarily means that an inmate loses privileges. Despite the loss of some privileges while in disciplinary isolation, plaintiff admits that he was afforded three hours and forty-five minutes out of his cell every six days while on disciplinary isolation status. Moreover, defendants have presented evidence that under Solano County Jail policies, inmates being held in disciplinary isolation are eligible to make outgoing emergency and legal calls only. (Defs' Statement of Undisputed Facts at 4.) In an attempt to dispute this evidence, plaintiff has submitted his own declaration in which

---

[6] DISO-ISO is an acronym for disciplinary isolation.

he claims only to have been denied the ability to make a telephone call from disciplinary isolation on a single occasion, the July 26, 2005 incident when he was ordered back to his cell because he was pushing the emergency button. (Pl's Decl. (Doc. 181) at ¶¶ 2-9.) Other than that sole instance, completely justified under the circumstances, plaintiff makes only vague accusations in his declaration such as: that he was denied the opportunity "to use a telephone" on "several occasions" while in disciplinary segregation, denied by defendant Jorgenson of "being able to effectively communicate with my criminal attorneys over a telephone" as a result of being held in disciplinary isolation and that in his "personal experience" these defendants "allowed pretrial detainees to be denied routinely and customarily reasonable access to a telephone" while in disciplinary segregation. (Id. at ¶¶ 16, 17 & 20.)

Plaintiff's declaration fails to raise a genuine dispute of material fact precluding summary judgment. His vague declaration does not provide evidence in support of his claim that he was denied access to a telephone to communicate with his attorney while held in disciplinary segregation. Indeed, a fair reading of plaintiff's declaration would appear to establish that although his telephone access was appropriately limited while confined in disciplinary segregation, he did have access to a telephone to speak to his attorney but not to a degree that was to his liking. "A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact" precluding summary judgment. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). See also Summers v. A. Teichert & Son, Inc., 127 F.3d 1150, 1152 (9th Cir. 1997). On summary judgment the court is not to weigh the evidence or determine the truth of the matters asserted but must only determine whether there is a genuine issue of material fact that must be resolved by trial. See Summers, 127 F.3d at 1152. Nonetheless, in order for any factual dispute to be genuine, there must be enough doubt for a reasonable trier of fact to find for the plaintiff in order to defeat a defendant's summary judgment motion. See Addisu, 198 F.3d at 1134. Based on the evidence before the court with respect to this motion, no reasonable trier of fact could find that plaintiff

was unconstitutionally denied access to a telephone while held in disciplinary segregation at the Solano County Jail.

Plaintiff also admits that inmates can be placed on administrative segregation if they have a history of escape attempts or other disciplinary violations.[7] As discussed above, plaintiff's flight from his cell on July 19, 2005, could reasonably be viewed by prison officials as an action that threatened institutional security. Plaintiff does not contest that while in administrative segregation, he had access to a telephone. Again, plaintiff has failed to present any evidence that his placement in either disciplinary isolation or administrative segregation was not reasonably related to the legitimate governmental objective of maintaining order, discipline and security within the jail. Thus, plaintiff has failed to offer proof in support of the essential elements of his claim. Therefore, defendants Childers, Jorgenson, Von Ting, and Smith are entitled to summary judgment in their favor.

B. Equal Protection

With respect to his claim that his equal protection rights have been violated, plaintiff merely alleges in his verified complaint that the use of disciplinary isolation by defendants Trojanowski, Jorgenson, Von Ting, Childers, and Smith:

> for consecutive periods beyond ten days constitutes deliberate indifference to plaintiffs and all other pretrial detainees similarly situated right [sic] to effectively communicate with criminal defense attorneys over a telephone as other pretrial detainees in county jail. This action denys [sic] the plaintiff and all pretrial detainees similarly situated equal protection of the law and

---

[7] To the extent that he has attempted to dispute defendants' evidence with his own declaration it appears that plaintiff may be mischaracterizing his administrative segregation classification as disciplinary segregation. Defendants have presented evidence that plaintiff remained in the Z module of the Solano County Jail on administrative segregation following his time in disciplinary isolation until his transfer to state prison due to his history of assaultive behavior while incarcerated at the jail. Plaintiff equates the two assignments and characterizes the administrative segregation classification as punishment imposed without due process. Plaintiff has failed to produce any evidence that his confinement in either disciplinary isolation or administrative segregation was in violation of his due process rights.

15

violation of due process of the law in violation of the Fourteenth
       Amendment to the United States Constitution.

(Compl. at 34-35.)

Defendants assert that classification decisions regarding inmates at the Solano County Jail are regularly reviewed and audited to ensure that such classification decisions are appropriate. (Defs' Statement of Undisputed Facts at 12.) Based upon his review of plaintiff's records, defendant Smith has opined that all classification decisions made with respect to plaintiff were appropriate in light of his disciplinary record while incarcerated at the Solano County Jail. (Id. at 13.) Plaintiff has presented no evidence to the contrary but instead relies only upon the conclusory allegations of his verified complaint.

The Equal Protection Clause, which ensures that similarly situated persons are treated alike, applies to prison inmates. Turner v. Safley, 482 U.S. 78, 84 (1987); Plyer v. Doe, 457 U.S. 202, 216 (1982). However, it is well-established that prison regulations may deprive prisoners of their constitutional rights where the regulation is "reasonably related to penological interests." Thornburgh v. Abbott, 490 U.S. 401, 404 (1989). "Subjecting pre-trial detainees to restrictions and privations other than those which inhere in their confinement itself or which are justified by compelling necessities of jail administration, is a violation of the due process and equal protection clauses of the Fourteenth Amendment." Brenneman v. Madigan, 343 F. Supp. 128, 142 (N.D. Cal. 1972). See also Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986) (equal protection does not allow pretrial detainees to be unjustifiably held in conditions worse than those under which convicted prisoners are held).

To prevail on such an equal protection claim, a pretrial detainee must show he was treated in a disparate manner without a rational relationship to a legitimate state purpose. San Antonio School District v. Rodriguez, 411 U.S. 1, 20-21, 55 (1972). A plaintiff must also show proof of discriminatory motive or intent and that he is a member of a protected class. See
/////

Navarro v. Block, 72 F.3d 712, 716 (9th Cir. 1996); Barren v. Harrington, 152 F. 3d 1193, 1194 (9th Cir. 1998).

Plaintiff has failed to present any evidence in support of his claim that he was discriminated against based on his membership in a protected class or that his classification assignments to disciplinary and administrative segregation were without a rational basis. The evidence before the court suggests no discrimination. Plaintiff was treated like any other pretrial detainee. When he was cited for a rule violation, he received a due process hearing and when he was convicted, received a reasonable disciplinary sentence. After several incidents, it was determined by jail officials that due to security concerns posed by plaintiff's conduct, he should be classified to administrative segregation. There was nothing about the conditions of his confinement in either disciplinary or administrative segregation that raise constitutional concerns. Furthermore, plaintiff's placements in disciplinary segregation and later in administrative segregation, were rationally connected to the legitimate penological interest in maintaining institutional security. Plaintiff's conclusory allegations to the contrary cannot serve to defeat the granting of summary judgment to the defendants on this claim.

### C. Alleged Violation of State Law

In his verified complaint plaintiff alleges that "defendant Smith informed plaintiff he could not file a citizen's complaint while in custody." (Compl. at 25.) Plaintiff alleges that pursuant to California Penal Code § 832.5 every California agency that employs peace officers must establish a procedure to investigate complaints against custodial officers and that defendants have failed to comply with this legal requirement under state law as evidenced by defendant Smith's statement. (Id.)

In moving for summary judgment defendants note that the Solano County Jail has an inmate grievance system. (Defs' Statement of Undisputed Facts at 13.) Moreover, defendants note that plaintiff utilized that grievance system while incarcerated at the jail. (Id. at 14.)

/////

The evidence before the court establishes that plaintiff was not denied a vehicle by which to air his complaint regarding the staff at the Solano County Jail. In any event, 42 U.S.C. § 1983,

> applies to violations of constitutional rights that are authorized by state law, and does not reach abuses of state authority that are forbidden by the State's statutes or Constitution or are torts under the State's common law.

Zinermon v. Burch, 494 U.S. 113, 124 (1990). See also Simpson v. Thomas, 528 F.3d 685, 692 (9th Cir. 2008) ("Section 1983 provides a remedy for injuries caused by violations of federal law by persons acting under color of state law.").

Whether viewed as a state law cause of action or as an attempt to bring a § 1983 claim based upon an alleged violation of state law, plaintiff's claim is unsupported both by any evidence or by a cognizable legal theory. Accordingly, defendants are entitled to summary judgment in their favor on this claim as well.

## CONCLUSION

In accordance with the above, IT IS HEREBY RECOMMENDED that defendants' motion for summary judgment (Doc. No. 134) be granted and that all of plaintiff's claims against defendants Dennis Von Ting, Carolyn Childers, Jason Trojanowski, Kenneth Jorgenson and Dan Smith be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fifteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

/////

/////

that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 19, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:3
low2211(Trojanowski).msj