IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY RICHARD LOW,

     Plaintiff,           No. CIV S-05-2211 MCE DAD P

  vs.

GARY R. STANTON, et al.,

     Defendants.       ORDER
_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court are three motions filed by plaintiff.

        On June 23, 2008, plaintiff filed a motion concerning witnesses he intends to call at trial. The motion will be denied as premature. On November 18, 2008, the court vacated the dates for the filing of pretrial statements, pretrial conference and trial. New dates will be set following the disposition of defendant Glenn's March 18, 2009, motion for summary judgment. In addition, since the filing of plaintiff's motion, several defendants have been dismissed from this action. Plaintiff is advised to review the court's scheduling order, filed on March 6, 2008, setting forth the procedures for obtaining the attendance of witnesses at trial.

        On September 5, 2008, plaintiff filed a motion to strike several documents filed by defendants in support of their motions for summary judgment. Plaintiff objects to those

1

documents because they were electronically filed and he did not receive notice of the electronic filings. On September 11, 2008, Susan Olsson filed a declaration asserting that plaintiff was served with copies of the signature pages of each of the challenged documents. In addition, Ms. Olsson concedes that due to inadvertence, one document contained the wrong date and that an amended proof of service has been served on plaintiff. On September 22, 2008, plaintiff filed his reply in which he continues to argue that using a "/s/" symbol rather than an actual signature on documents served on him violates Rule 11 of the Federal Rules of Civil Procedure and Local Rule 7-131. Plaintiff is mistaken. Local Rule 7-131(c) provides:

> Anything filed using an attorney's name, login and password will be deemed to have been signed by that attorney for all purposes, including Fed. R. Civ. P. 11. For example, for the attorney whose login and password is being used, it is sufficient to indicate a signature as in the following example: "/s/" John M. Barrister, Esquire."

As for service on plaintiff, conventional service must be used in that regard because plaintiff is a prisoner, and defendants are therefore required to file and serve with each filed document a proof of service. See Local Rule 5-135(b) and (c). The court finds that plaintiff has been properly served. On the one occasion that the defendant's proof of service was in error, defendant's counsel has filed an amended and corrected proof of service. Therefore, plaintiff's motion to strike will be denied.

On October 3, 2008, plaintiff filed a motion requesting that the court disregard an exhibit that was submitted by defendants Garrison and Rodriguez in support of their August 13, 2008, motion for summary judgment. The exhibit, submitted with the declaration of Sergeant Margo Cullison (Doc. No. 132, part 5), included the written procedures adopted by the Solano County Sheriff's Department concerning the use of force in 2005. The court did not refer to those procedures or to the challenged exhibit in the findings and recommendations filed on February 25, 2009, which were subsequently adopted by the assigned District Judge on March 30, 2009. Therefore, plaintiff's motion will be denied as moot.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 23, 2008 motion to call witnesses at trial (Doc. No. 121) is denied as premature;

2. Plaintiff's September 5, 2008 motion to strike defendants' documents (Doc. No. 157) is denied; and

3. Plaintiff's October 3, 2008 motion to disregard defendants' document and for sanctions (Doc. No. 171) is denied as moot.

DATED: April 21, 2009.

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
low2211.mts