IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY RICHARD LOW,

    Plaintiff,                      No. CIV S-05-2211 MCE DAD P

   vs.

GARY R. STANTON, et al.,

    Defendants.                  FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is the second motion for summary judgment brought on behalf of defendant Brian Glenn.[1] Plaintiff has filed his opposition to the motion and defendant Glenn has filed a reply.

/////

/////

---

[1] On March 2, 2009, the assigned District Judge issued an order reopening law and motion to allow defendant Glenn to file a second motion for summary judgment addressing solely "the issue of plaintiff's injury," which was raised in defendant's objections to the undersigned's February 6, 2009, findings and recommendations. (See Doc. No. 192 at 2.) Specifically, defendant Glenn had argued in his objections that 42 U.S.C. § 1997e(e) barred civil rights actions by prisoners where no physical injury was alleged and the only claim was for emotional distress. (Doc. No. 187 at 2-3.)

1

I. <u>Due Process Claim Involving Defendant Glenn</u>

In findings and recommendation filed on February 6, 2009, recommending that defendant Glenn's first motion for summary judgment be denied, the undersigned summarized plaintiff's claim against this defendant as follows:

> In his verified complaint, signed under the penalty of perjury, plaintiff alleges that defendant Glenn violated his rights to due process under the Fourteenth Amendment while plaintiff was incarcerated as a pretrial detainee at the Solano County Jail (hereinafter "County Jail"). (Compl. at 6: 16-19.) At the time of the alleged incident, defendant Glenn was a correctional officer at the County Jail. (<u>Id</u>. at 5.) Specifically, plaintiff claims that while being processed into the County Jail he requested, but was denied the use of, a properly working telephone as required by California Penal Code § 851.5(a).[2] (<u>Id</u>.) Plaintiff claims to have "repeatedly

---

[2] Section 851.5 of the California Penal Code provides:

> (a) Immediately upon being booked, and, except where physically impossible, no later than three hours after arrest, an arrested person has the right to make at least three completed telephone calls, as described in subdivision (b).
>
> The arrested person shall be entitled to make at least three calls at no expense if the calls are completed to telephone numbers within the local calling area.
>
> (b) At any police facility or place where an arrestee is detained, a sign containing the following information in bold block type shall be posted in a conspicuous place:
>
> That the arrestee has the right to free telephone calls within the local dialing area, or at his or her own expense if outside the local area, to three of the following:
>
> (1) An attorney of his or her choice or, if he or she has no funds, the public defender or other attorney assigned by the court to assist indigents, whose telephone number shall be posted. This telephone call shall not be monitored, eavesdropped upon, or recorded.
> (2) A bail bondsman.
> (3) A relative or other person.
>
> * * *
>
> (d) These telephone calls shall be given immediately upon request, or as soon as practicable.

requested to use a phone and defendant Glenn would either ignore my requests or tell me to shut up." (Id.)

(Doc. No. 186 at 3-4.)

In his complaint, plaintiff sought the award of $10,000.00 in compensatory damages from defendant Glenn for the punishment he imposed on plaintiff and the emotional injury resulting from his denial of plaintiff's due process right to three phone calls upon his booking into the county jail. (Compl. at 45).

II. Parties' Arguments

    A. Defendant's Motion for Summary Judgment

In his most recent motion for summary judgment, defendant Glenn argues that 42 U.S.C. § 1997e(e)[3] bars plaintiff from recovering compensatory damages for the alleged infliction of emotional distress. In addition, defendant Glenn contends that there is no evidence that plaintiff suffered any physical injury as a result of his alleged refusal to give plaintiff access to a telephone upon booking in the jail. (Def.'s Mem. P. & A. at 4.)

    B. Plaintiff's Opposition

Plaintiff advances three arguments in opposition to the pending summary judgment motion. First, plaintiff argues that he is seeking damages with respect to his "punishment" claim in addition to compensatory damages against defendant Glenn for the infliction of emotional injury. (Opp'n at 3-5.) Second, he asserts that § 1997e(e) is not

---

(e) This provision shall not abrogate a law enforcement officer's duty to advise a suspect of his or her right to counsel or of any other right.

(f) Any public officer or employee who willfully deprives an arrested person of any right granted by this section is guilty of a misdemeanor.

[3] Title 42 U.S.C. § 1997e(e) provides: "no federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

applicable here because his claim is based on the Fourteenth Amendment. (Id.) Third, he argues that his complaint should be liberally construed to include a claim for nominal damages. (Id. at 4.) In this regard, he argues that "[e]ven though plaintiff did not specifically request nominal damages, if he were successful in this case, nominal damages could still be recovered." (Id. at 4-5.)

    C. Defendant's Reply

Defendant Glenn asserts that plaintiff has not claimed that he suffered physical injury as a result of defendant's alleged actions. (Reply at 2.) Instead, according to defendant Glenn, plaintiff alleges that he repeatedly requested to use the phone and that defendant Glenn simply ignored him or told plaintiff to shut-up. (Id.) Defendant Glenn notes that a mere claim of verbal abuse does not satisfy the physical injury requirement. (Id.) As to plaintiff's argument that he is seeking recovery for punishment imposed upon him, defendant argues that punishment is not synonymous with physical injury. (Id.) As for plaintiff's request for nominal damages, defendant Glenn argues that plaintiff's complaint is clear about the relief he seeks from each defendant and that plaintiff sought only declaratory relief, injunctive relief, compensatory damages and punitive damages. (Id. at 3.) Defendant Glenn points out that plaintiff made no request for nominal damages, and now after years of litigation, plaintiff asks the court to amend his complaint to include the seeking of nominal damages. (Id.) Defendant Glenn argues that under these circumstances he is entitled to judgment as a matter of law in his favor. (Id. at 4.)

III. Summary Judgment Standards Under Rule 56

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions

4

1  on file, together with the affidavits, if any," which it believes
2  demonstrate the absence of a genuine issue of material fact.

3  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  "[W]here the
4  nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary
5  judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers
6  to interrogatories, and admissions on file.'"  Id.  Indeed, summary judgment should be entered,
7  after adequate time for discovery and upon motion, against a party who fails to make a showing
8  sufficient to establish the existence of an element essential to that party's case, and on which that
9  party will bear the burden of proof at trial.  See id. at 322.  "[A] complete failure of proof
10 concerning an essential element of the nonmoving party's case necessarily renders all other facts
11 immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so long as
12 whatever is before the district court demonstrates that the standard for entry of summary
13 judgment, as set forth in Rule 56(c), is satisfied."  Id. at 323.

14          If the moving party meets its initial responsibility, the burden then shifts to the
15 opposing party to establish that a genuine issue as to any material fact actually does exist.  See
16 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to
17 establish the existence of this factual dispute, the opposing party may not rely upon the
18 allegations or denials of its pleadings but is required to tender evidence of specific facts in the
19 form of affidavits, and/or admissible discovery material, in support of its contention that the
20 dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party
21 must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
22 of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248
23 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir.
24 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could
25 return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433,
26 1436 (9th Cir. 1987).

1    In the endeavor to establish the existence of a factual dispute, the opposing party
2 need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
3 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
4 versions of the truth at trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary
5 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
6 genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
7 committee's note on 1963 amendments).

8    In resolving the summary judgment motion, the court examines the pleadings,
9 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
10 any.  Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See Anderson,
11 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed before the
12 court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.
13 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
14 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen
15 Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
16 1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
17 show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken
18 as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
19 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

20    On December 8, 2006, the court advised plaintiff of the requirements for opposing
21 a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure.  See Rand v. Rowland, 154
22 F.3d 952, 957 (9th Cir. 1998) (en banc); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

23 IV.  Analysis

24    The decision in Oliver v. Keller, 289 F.3d 623 (9th Cir. 2002), cited by both
25 parties, is determinative of the pending motion.  In that case the Ninth Circuit considered for the
26 first time the correct standard in interpreting the "physical injury" requirement of § 1997e(e) and

6

whether that "physical injury" requirement applies to claims other than those for mental and emotional injury. Oliver, 289 F.3d at 625.[4] The Ninth Circuit concluded that to the extent a plaintiff has actionable claims premised on constitutional violations, and not on a claim of mental or emotional injury, the constitutional claims are not barred by § 1997e(e). 289 F.3d at 630. In this regard, the Ninth Circuit observed:

> In considering the scope of 1997e(e), some circuits have merely recognized that 1997e(e) may not bar claims for nominal and punitive damages. See Davis v. District of Columbia, 158 F.3d 1342, 1348 (D.C. Cir.1998) (suggesting possibility of nominal but not punitive damages); Harris, 190 F.3d at 1288 n. 9 (declining to reach issue of nominal damages because plaintiffs had not requested nominal damages). However, at least two circuits expressly resolve the issue. In Allah v. Al-Hafeez, 226 F.3d 247 (3d Cir.2000), the Third Circuit determined that 1997e(e) did not bar a claim for nominal and punitive damages for alleged constitutional violations. Id. at 251-52. See also Searles v. Van Bebber, 251 F.3d 869, 879-81 (10th Cir.2001) (even absent physical injury, prisoner was entitled to seek nominal and punitive damages under 1997(e)).
>
> Applying 1997e(e) to the facts of this case, we reach a conclusion similar to Al-Hafeez and Searles. **Appellant's complaint seeks punitive damages and is consistent with a claim for nominal damages even though they are not expressly requested.** See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed.2d 652 (1972) (pro se complaints may be construed liberally); Al-Hafeez, 226 F.3d at 251 (construing pro se complaint to include claim for nominal damages where complaint sought only compensatory and punitive damages). Appellant's complaint also seeks compensatory damages. To the extent that appellant has actionable claims for compensatory, nominal or punitive damages-premised on violations of his Fourteenth Amendment rights, and not on any alleged mental or emotional injuries-we conclude the claims are not barred by 1997e(e).

Oliver, 289 F.3d at 629-30 (emphasis added).

In keeping with the Ninth Circuits decision in Oliver, district courts have consistently concluded that if a plaintiff states a constitutional claim, as opposed to a claim for

---

[4] The plaintiff in that case alleged that he had been unconstitutionally subjected to dehumanizing and overcrowded conditions while confined in temporary holding cells held at a local detention center following three separate occasions when he was arrested. Oliver v. Keller, 289 F.3d 623, 625-26 (9th Cir. 2002).

mental or emotional injuries, the physical injury requirement of §1997e(e) does not apply. See Cockcroft v. Kirkland, 548 F. Supp. 2d 767, 776-77 (N.D. Cal. 2008) ("§ 1997e(e) does not apply to claims for compensatory damages not premised on emotional injury . . . . [t]he fact that Cockcroft never suffered any physical injury as a result of [defendant] Linfor's alleged acts may make his Eighth Amendment claim of very little financial value but does not make the claim non-existent."); see also Greene v. Rourk, No. CIV S-04-0917 MCE DAD P, 2009 WL 1759638 (E.D. Cal. June 22, 2009) (recommending that defendants' motion for summary judgment based on § 1997e(e) be denied to the extent that plaintiff sought compensatory, nominal or punitive damages for violations of RLUIPA, the First and Fourteenth Amendments and state law); Curtis v. Benda, No. C08-5109FDB/KLS, 2009 WL 1065204 at *2 (W.D. Wash. April 20, 2009) (concluding that plaintiff's Fourteenth Amendment claim for compensatory, nominal, and punitive damages are not barred by § 1997e(e)); Davis v. Arpaio, No. CV 07-0424-PHX-DGC (MEA), 2008 WL 1840732, at *3 (D. Ariz. Apr. 23, 2008) ("Plaintiff does not bring any claims for mental or emotional injuries; rather, he alleged violations of his constitutional rights and specifically sought damages."); Hill v. Arpaio, No. CV 04-1908-PHX-SRB, 2007 WL 1120305, *4 (D. Ariz. Apr. 11, 2007) ("[T]o the extent Plaintiff has actionable claims for compensatory and punitive damages based on the violation of his Fourteenth Amendment rights, and not based on any alleged mental or emotional injuries, his claims are not barred by 42 U.S.C. § 1997e(e).").

Here, plaintiff has alleged that defendant Glenn violated his due process rights when Glenn refused to provide plaintiff access to a telephone during the booking process as required under state law. Although plaintiff alleges in his complaint that he suffered "punishment and emotional injury" as a result of defendant Glenn's alleged actions, § 1997e(e) does not bar this action because plaintiff has also alleged that his constitutional right under the Fourteenth Amendment were violated. As suggested by other district courts under similar circumstances, while plaintiff's Fourteenth Amendment claim may have very little financial value, the claim is nevertheless still viable. While plaintiff may not recover damages on any

claim of infliction of emotional distress, under <u>Oliver</u> and its progeny he may recover compensatory, punitive and/or nominal damages for the violation of his Fourteenth Amendment rights if he can establish such a violation.[5]

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that defendant Glenn's March 18, 2009 motion for summary judgment (Doc. No. 195) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 13, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
low2211.sj2glenn

---

[5] The court rejects as unpersuasive defendant Glenn's argument that in plaintiff cannot seek the award of nominal damages because he did not expressly request such a damage request in his complaint.  Just as was the case in <u>Oliver</u>, plaintiff's pro se complaint seeking compensatory damages with respect to the alleged Fourteenth Amendment violation is to be liberally construed and is sufficient to allow plaintiff to request the award of nominal damages at trial.  See <u>Oliver</u>, 289 F.3d at 630.